# Commonwealth *v.* One Ford Truck, Harry Kohlhass, Appellant.

*Intoxicating liquors—Condemnation of motor truck—Right to trial by jury—Act of March 27, 1923, P. L. 34.*

On a petition under the Act of March 27, 1923, P. L. 34, for the forfeiture of a Ford truck and contents, alleged to be used in the unlawful transportation of intoxicating liquors, the owner of the truck, who has filed an answer, is entitled to a jury trial.

Section 2, article VII of the act provides for a hearing before the court or judge thereof without a jury and, if the facts justify it, a decree of condemnation under which the liquor may be ordered destroyed, and the vehicle sold by the sheriff. The same section of the act provides that "unless either the Commonwealth or the claimant shall demand a jury trial within five days after the conclusion of the hearing, the right to such jury trial shall be deemed to have been waived." This latter provision clearly contemplates that there shall be a trial by jury, if it is demanded within the time prescribed.

While the act does not describe the details of the practice in making a demand for a jury trial, the lower court will be affirmed, in holding that the filing of a demand in writing by the claimant in the court in which the condemnation proceeding has been instituted may be made at the time the claim is filed, or at any time thereafter until the end of the fifth day after the conclusion of the hearing before the court.

The act contemplates that the claimant shall have the opportunity to make his demand for a jury trial before any judgment is actually entered, and the court should not enter its decree until the five days for making the demand have expired. If the demand is made, the petition to condemn should be refused.

Argued November 21, 1924. Appeal, No. 299, Oct. T., 1924, by Commonwealth of Pennsylvania, from order of

Q. S. Phila. Co., May Sessions, 1924, No. 203, vacating decree of condemnation and permitting a jury trial in the case of Commonwealth of Pennsylvania v. One Ford Truck, Engine No. 3,424,799, and 3 one-half Bbls. of beer, etc., in the possession of Daniel O'Brien and Richard Hess, Harry Kohlhass, reputed owner. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for condemnation of motor truck. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

The court vacated the decree of condemnation and refused the motion made by the Commonwealth to dismiss the application for a jury trial. Commonwealth appealed.

*Error assigned* was the decree of the court.

*Joseph K. Willing,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellant.—The right to a trial by jury in pure actions in rem does not exist at common law: Holland, Jurisprudence, 353, 8th edition; Glennon v. Britton, 155 Ill. 232; State v. One Bottle of Brandy, 43 Vt. 297.

The legislature did not confer the right of trial by jury under the provisions of the Act of March 27, 1923, P. L. 34: Endlich Interpretations of Statutes, 372; Pettit v. Fretz's Executor, 33 Pa. 120; Keim v. City of Reading, 32 Pa. Superior Ct. 620; Mindlin et al. v. O'Boyle et al., Appellants, 278 Pa. 217; Davidson v. Bright, 267 Pa. 580, 589; Cadbury v. Duval, 10 Pa. 265, 270.

*E. O. Thomas,* and with him *Thomas J. Minnick, Jr.,* for appellee, cited: 12 R. C. L. "Forfeitures," page 133, paragraph 11, "Manner of Trial"; Constitution of Penn-

sylvania, article 1, section VI; Haine's App., 73 Pa.
169; Colon v. Lisk, 153 N. Y. 188.

OPINION BY GAWTHROP, J., February 27, 1925:

The Commonwealth filed in the Court of Quarter
Sessions of Philadelphia County a petition for the for-
feiture of a certain Ford truck and its contents, consist-
ing of intoxicating liquor, the allegation being that the
truck was being used to transport liquor in violation of
the National Prohibition Act and the State Enforcement
Act of March 27, 1923, popularly known as the Snyder
Act. The owner of the truck filed an answer averring
that he had no knowledge of and did not consent to the
use of the truck for the transportation of liquor; that he
leased the truck to O'Brien and Hess to be used by them
in the trucking business, the owner to receive thirty per
cent of the receipts of the operation of the truck; and
praying that the truck be returned to him. After hearing
on June 6, 1924, a decree was forthwith entered condemn-
ing the truck and ordering the sheriff to sell it. On
June 10, 1924, a petition for a jury trial was filed and on
September 22, 1924, the Commonwealth moved to dis-
miss the petition for a jury trial. The court below
refused the motion and ordered that the decree of con-
demnation of the truck be vacated. This action con-
stitutes the error assigned here.

The proceeding is under the Snyder Act which gives to
any person claiming the right of possession of property
seized and sought to be condemned the right to file a
claim therefor and to show why it should be returned to
him. The act provides for a hearing before the court or
judge thereof without a jury and, if the facts justify it,
a decree of condemnation under which the liquor may be
ordered destroyed and the vehicle sold by the sheriff.
Section 11 (VII) provides, however, that "unless either
the Commonwealth or the claimant shall demand a jury
trial within five days after the conclusion of the hearing,

the right to such jury trial shall be deemed to have been waived."

As we view this case, it is unnecessary to consider most of the questions which have been so well argued by the able assistant district attorney. It is clear beyond question that the section of the act just quoted contemplates that there shall be a trial by jury if it is demanded within the time prescribed. Whether the legislature could have deprived claimants of such a right is wholly foreign to the question before us. It is quite sufficient to know that the right was recognized and the method to secure it pointed out. While the act does not describe the details of the practice in making the demand for a jury trial, we are of opinion that the filing of a demand in writing by the claimant in the court in which the condemnation proceeding has been instituted may be made at the time the claim is filed or at any time thereafter until the end of the fifth day after the conclusion of the hearing before the court. We agree with the learned judge of the court below that the act contemplates that the claimant shall have the opportunity to make his demand for a jury trial before any judgment is actually entered, and that the court should not enter its decree until the five days for making the demand have expired. If the demand is made, the petition to condemn should be refused. As the decree of condemnation in this case was made before the expiration of the five days and the demand for jury trial was made within the time fixed by the act, the decree was properly vacated and the petition of the Commonwealth to refuse the jury trial was properly dismissed.

The order is affirmed.