## Commonwealth v. Kohut et al.

*Practice, equity—Preliminary injunction—Prohibition Enforcement Act of March 27, 1923.*

A preliminary injunction under section 7 of the Act of March 27, 1923, P. L. 34, asked for without any notice to the defendants, should not issue as a matter of course.

Application for a preliminary injunction. C. P. Northampton Co., Dec. T., 1925, No. 15, in Equity.

*George W. Woodruff*, Attorney-General, *R. E. James*, District Attorney, and *Newton R. Turner*, City Solicitor, Easton, Pa., for Commonwealth.

*F. P. McCluskey, Francis E. Walter* and *Parke H. Davis*, for defendants.

COURT IN BANC, Nov. 24, 1925.—Twenty-seven bills in equity were filed to-day, asking for a preliminary injunction until hearing, restraining the defendants from selling, &c., intoxicating liquor and from conducting or permitting the continuance of a nuisance upon the premises described in the bill until the conclusion of the proceedings, and from removing or in any way interfering with the intoxicating liquor or other things upon said premises, &c. The bill also asked that, after hearing, the defendants be enjoined from selling intoxicating liquor upon the premises; that the premises shall not be occupied or used for one year hereafter; that all intoxicating liquors upon the premises shall be destroyed as contraband; and that a perpetual injunction shall be issued against the proprietor from selling any intoxicating liquor contrary to the provisions of the Prohibition Enforcement Act. These bills were all signed by the Attorney-General of the Commonwealth, by the Deputy Attorney-General, by the District Attorney of Northampton County, and as to places in the City of Easton, by the City Solicitor of Easton, and as to places in the City of Bethlehem, by the City Solicitor of Bethlehem. The

defendants were proprietors of the various places mentioned in the bill and the owners of the premises. No notice was given to the defendants of the presentation of the bill, but a number of them, having obtained information that the bills were asked for, appeared by counsel and were heard. The learned Deputy Attorney-General of the Commonwealth, relying upon section 7 of the Act of March 27, 1923, P. L. 34, as follows, "If it is made to appear by affidavit, or otherwise, to the satisfaction of the court that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the proceedings," strenuously contended that it was the duty of the court to at once issue a temporary injunction. The issuing of such an injunction was equally strenuously resisted by counsel who appeared for the defendants. All the judges sat *in banc*, and all of them are agreed that temporary injunctions should not issue in these cases, although we wish it to be understood that our action at the present time is not to be taken as a precedent. These applications are the first that have been presented to us under the act. Upon the argument, the learned Deputy Attorney-General stated that temporary injunctions had been granted by all the courts in this state when asked for, with but one exception. He did not know, nor can we know, how fully the matter was presented to those courts. With all due respect for what may have been done in other counties, it must be remembered that *communis error non facit jus*, and we must, as a court, be satisfied that a preliminary injunction is proper before we ought to issue it. There seems to be no reported decision either of the Supreme, Superior or lower court on the subject, but the proposition is a new one. Instead of prosecuting the proprietors and trying the cases before a jury, a court of equity is asked to try these defendants, and if the court finds them to be guilty, to punish them by depriving both the proprietors and the owners of property of the use of their premises for a year. One of the counsel cited on the argument United States v. Lot 29, 296 Fed. Repr. 729, where a Federal court held that even upon a final hearing injunction should not issue, and, in this connection, we refer to Hedden v. Hand, 90 N. J. Eq. 583, where it was held that equity would not restrain the use of premises where it was alleged that prostitution and habitual sales of intoxicating liquor had made it a nuisance. In that case the court said: "Keeping in view that the maintenance of disorderly houses was a crime at common law and was punishable and abatable in the courts of criminal jurisdiction only, it is clear that the effect of making such a crime punishable and abatable in the court of chancery is to deprive a defendant of his constitutional right to have an indictment preferred against him by a grand jury of the county in which such nuisance is alleged to exist and a trial by jury. . . ." It may be that upon a more careful and elaborate consideration of the question we will not adopt those views. Our Supreme Court has held that officers have a right to seize intoxicating liquor and, after condemnation, to destroy it, because all intoxicating liquor, with a few exceptions, is contraband. They have also held that automobiles engaged in transporting liquor may be condemned and sold, but even in this latter case they have held that, under certain circumstances, trial by jury must be had if demanded: Com. v. One Ford Truck, 85 Pa. Superior Ct. 43. According to the public prints, the Supreme Court of the United States has recently decided that search of a dwelling without a warrant and without probable cause is unlawful. This prohibition legislation is a matter of recent adoption, and well-considered opinions on the subject are not numerous. Under these circumstances, preliminary injunctions should not issue. Remembering the fact that, ordinarily,

Commonwealth v. Kohut et al.

preliminary injunctions are not granted where the complainant has an adequate remedy at law, it is provided, both by the clause above cited and by the equity rules of the Supreme Court, that a temporary injunction ought not to issue as of course. The clause in the act is "to the satisfaction of the court." The Supreme Court equity rule provides that preliminary injunctions shall only issue where "immediate and irreparable loss or damage will result to the plaintiff before the matter can be heard on notice." It is plain that the "strong arm of the law," as an injunction has often been called, ought not to be extended unless circumstances demand it. Another reason sometimes given for the withholding of preliminary injunctions is that they will not be granted in case of delay or laches. We made notes of all the alleged sales. In each of the cases the dates of the sales were in June and July last. It is true that the Commonwealth said they would prove violations even as late as last month, but as the cases now stand, they all show a delay of over three months in presenting the application. In conclusion, we repeat we are not passing on the merits of these applications. We invite a full discussion of the legal questions involved on the hearing, and the references which we have made are only given by way of suggestion to counsel concerned. This is the only opinion that will be filed. In each of the cases an order will be filed fixing Monday, Nov. 30, 1925, as the day of hearing.

From Henry D. Maxwell, Easton, Pa.