## Commonwealth v. Seventeen Half Barrels of Beer, &c.

*Liquor law—Seizure of beer—Claim of return—Jury trial—Time—Words and phrases—Hearing—Act of March 27, 1923.*

1. Under the Act of March 27, 1923, section 11 (D) (vii), P. L. 34, 43, which relates to the seizure of liquor and which provides that "unless either the Commonwealth or the claimant shall demand a jury trial within five days after the conclusion of the hearing, the right to such jury trial shall be deemed to have been waived," the time begins to run from the decree on the hearing.

2. In such case, the word "hearing" has a different meaning from the word "trial" and includes not only the taking of testimony and argument of counsel, but also the court's consideration and action thereon.

3. The use of the words "conclusion of the hearing" emphasizes the thought that the proceeding must be ended, which may be only by a decision of the court.

Proceedings for condemnation and forfeiture of intoxicating liquor. Rule to show cause why demand for jury trial under the Prohibition Enforcement Act of March 27, 1923, P. L. 34, should not be stricken from the record. Q. S. Phila. Co., June Sess., 1926, No. 273, Misc. Division.

*John A. Boyle,* Assistant District Attorney, for Commonwealth.

*William A. Carr,* for claimant.

BROWN, JR., J., May 31, 1928.—Testimony was taken on various dates from July 16, 1926, to Dec. 16, 1926, following which, on Dec. 23, 1926, a decree, ordering the beer returned, was entered, to which, on Dec. 30, 1926, the Commonwealth excepted and appealed to the Superior Court.

On March 2, 1928, the Superior Court reversed the decree and ordered the beer destroyed. Then, on March 10, 1928, a petition for an appeal to the Supreme Court was filed by the Berger & Engel Brewing Company, but, on April 18, 1928, this appeal was refused.

On April 20, 1928, a decree was signed by this court in accordance with the order of the Superior Court of March 2, 1928, ordering the beer destroyed.

On April 24, 1928, a petition for jury trial was filed by the Berger & Engel Brewing Company, and, on the following day, the Commonwealth filed this

petition and rule to show cause why the demand for jury trial should not be stricken from the record. Argument was had on the latter petition on May 4, 1928.

The Commonwealth urges that the claimant should have demanded a jury trial within five days after the conclusion of the taking of testimony on Dec. 16, 1926, and not having done so, it is barred therefrom now. However, the demand therefor was made within five days after the decree of this court condemning the beer was entered on April 20, 1928.

Section 11 (D) (VII) of the Act of March 27, 1923, P. L. 34, provides as follows (P. L. 43): "Unless either the Commonwealth or the claimant shall demand a jury trial within five (5) days after the conclusion of the hearing, the right to such jury trial shall be deemed to have been waived."

If "trial" had been used instead of "hearing," there would be no question that a jury trial must be demanded within five days after "trial," irrespective of whether the court entered a decree or not, but "hearing" has a different significance, and includes not only the taking of testimony and argument of counsel, but also the court's consideration and action thereon.

"Hearing" includes not only the listening to the examination of the witnesses, but the entire judicial examination of the issues, both of law and of fact. It embraces the listening to the arguments of counsel, if oral arguments are made, and the reading of the arguments, if written or printed arguments are presented, or both, as the case may be; also, the consideration of these arguments in respect to both points of law and of fact following presentation to the court. See West Chicago Park Comm'rs v. Riddle, 151 Ill. App. 487, 505, 506 (1909).

Furthermore, "conclusion" is coupled with "hearing" in the above-quoted section. The idea involved is a complete ending. While the word "hearing" includes all that is part of the idea conveyed by that word, and while, perhaps, "conclusion of the hearing" does not, strictly speaking, mean anything more, yet the use of the word "conclusion" emphasizes the thought that the proceeding must be ended, which may be only by a decision of the court. Even after the taking of testimony and argument and when the court has the issues before it for determination, further testimony may be taken or additional arguments made; hence, there is no "conclusion" until the court enters a decree.

Although not necessary to the decision, this question was referred to in Com. v. One Ford Truck, 5 D. & C. 167 (1924), and the view there expressed (page 168) that the foregoing provision was intended to give the claimant the opportunity to make his demand for a jury trial before judgment is actually entered; that to give practical effect to the enactment it is necessary for the court to stay its hand until five days have expired, and then, if no demand is made, enter a decree; if demand is made, no action should be taken on the petition until after the jury trial is had. The theory of this is that to hold otherwise—to permit the parties to have five days after the decree in which to demand a jury trial—would make the demand, in effect, an appeal from the judgment of the court to the same court with a jury, to the end that a second judgment may be obtained, which second judgment might be wholly inconsistent with the first; that, therefore, it was the intention of the legislature to give the claimant the opportunity to make his demand for a jury trial before judgment is actually entered.

But was that the legislative intent? The phraseology used does not forbid the court from entering a decree within five days after the matter has been presented, and if it so desires, after the expiration of five days, even if a jury trial has been demanded. This being so, and a jury trial being had, the

result might be a decree of condemnation by the court and a verdict of the jury to the contrary—an anomalous situation.

The Superior Court has referred to this section of the Act of 1923, though in cases where the precise point here was not involved. First, when Com. v. One Ford Truck, *supra*, was appealed, it said (85 Pa. Superior Ct. 43, 46): "We agree with the learned judge of the court below that the act contemplates that the claimant shall have the opportunity to make his demand for a jury trial before any judgment is actually entered and that the court should not enter its decree until the five days for making the demand have expired." Later, however, in Com. v. Reo Speed Wagon, 87 Pa. Superior Ct. 38 (1925), it modified this, saying (page 41): "The determination of the judge, therefore, after the hearing, is not conclusive, and either party has a right to demand a jury trial, or, if a jury trial is not desired, to cause the determination of the court to be reviewed upon appeal."

This indicates that a jury trial may be demanded even after determination by the court; that this is the more exact meaning of the provision is indicated by the use of the word "hearing," as pointed out above. This includes not only the taking of testimony and argument by counsel, but also the action of the court thereon: the entering of a decree, which is the "conclusion" contemplated by the act.

The Commonwealth's petition is, therefore, dismissed.

NOTE.—See 8 Adv. Reps. 109; s. c., 93 Pa. Superior Ct. 84.