Commonwealth of Pennsylvania, Appellant, *v.* Seventeen Half Barrels of Beer, etc. and Bergner and Engel Brewing Company.

Argued October 16, 1928.

Before HENDERSON,
TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM,
JJ.

*John A. Boyle,* and with him *John C. Asbury,* Assistant District Attorney, and *John Monaghan,* District Attorney, for appellant.

*Henry L. Schimpf, Jr.,* and with him *William A. Carr* and *Sidney L. Krauss,* for appellee.

OPINION BY GAWTHROP, J., November 21, 1928:

This is a proceeding in rem for the forfeiture and condemnation, under sub-section (D) of Section 11 of the Act of March 27, 1923, P. L. 34, of seventeen half barrels and seventy-two tanks of beer, seized under a search warrant by the police officers of the City of Philadelphia on June 3, 1926, under circumstances set forth in the opinion of this court upon a former appeal, reported in 93 Pa. Superior Ct. 84. For present purposes only the following admitted facts need be stated: On June 18, 1926, the Commonwealth's petition for the forfeiture was filed in the court below. No answer was filed to the petition for forfeiture and condemnation of the seventeen half barrels of beer. An order of condemnation was accordingly entered by the court as to them and they are not involved here. On July 13, 1926, the Bergner and Engel Brewing

Company filed its petition to intervene and for the dismissal of the Commonwealth's petition, claiming lawful ownership and right of possession of the liquor contained in the seventy-two tanks. Under the provisions of paragraph (IV) of sub-section (D) of section 11 of the act, the case came on for hearing in the court below on December 9, 1926, and a further and final hearing was held on December 16, 1926, when, after argument, it was taken under advisement by the court. On December 23, 1926, a decree was entered condemning the seventeen half barrels of beer and dismissing the petition for condemnation with respect to the seventy-two tanks of beer. From that portion of the order which refused condemnation of the tanks and their contents, the Commonwealth took an appeal to this court, which on March 2, 1928, reversed the decree of the court below, re-instated the petition of the Commonwealth as to fifty-six tanks of beer, the alcoholic content of which exceeded one-half of one per cent. by volume, and remitted the record with directions that a decree of forfeiture and condemnation be entered as to them. On March 10, 1928, the claimant filed a petition in the Supreme Court for an appeal from our order, which appeal was refused on April 19, 1928. On April 20, 1928, the court below entered a decree as directed by this court. On April 24, 1928, the claimant filed in the court below a petition for a jury trial. On April 26, 1928, the Commonwealth filed in that court a petition for a rule to show cause why the petition for a jury trial should not be stricken from the record. The rule was granted and after hearing thereon, held May 4, 1928, the court below filed an opinion and order on May 31, 1928, dismissing the Commonwealth's petition and discharging the rule granted thereon. From that order the Commonwealth brings this appeal.

The Commonwealth contends that the claimant

should have demanded a jury trial within five days after the conclusion of the hearing held on December 16, 1926, upon its petition for condemnation and that having failed to do so its demand for a jury trial was too late. Section 11 of the Act of 1923, supra, describes the procedure for the condemnation and forfeiture of intoxicating liquor or property designed for the manufacture or sale of such liquor intended for use in violation of any of the provisions of the act, or which has been so used. It provides for a petition to the court of quarter sessions, with notice to the owner or party in possession and gives to the person claiming the property seized, an opportunity to show why the same should be returned to him. It is clear that the hearing on this petition is intended to be held by the court without a jury, unless the Commonwealth or the claimant shall demand a jury trial. Paragraph (VII) of sub-section (D) of section 11 is as follows: "Unless either the Commonwealth or the claimant shall demand a jury trial within five days after the conclusion of the hearing, the right to such jury trial shall be deemed to have been waived." While this provision contains an express intention of the legislature to preserve the right to a trial by jury for the Commonwealth or the claimant, it also limits the time within which that right may be demanded. The contention of the appellee is that the word "hearing," as used in the above quoted paragraph of the act, contemplates and includes not only the presentation of the evidence and the hearing of arguments by counsel, but also the consideration of the case by the court of quarter sessions, the determination thereof and the entry of a decree or order granting or refusing condemnation. The court below adopted that view, holding that there was no "conclusion of the hearing" until the entry of the order of April 20, 1928, by it pursuant to our order in the first appeal. With that

conclusion we cannot agree. We said in Com. v. One Ford Truck, 85 Pa. Superior Ct. 43, 46, that paragraph (VII) of sub-section (D) of section 11 of the Act of 1923, provides that there shall be a trial by jury if it is demanded within the time prescribed; that the filing of a demand in writing by the claimant in the court in which the condemnation proceeding has been instituted may be made at the time the claim is filed or at any time thereafter until the end of the fifth day after the conclusion of the hearing before the court; that the act contemplates that the claimant shall have an opportunity to make his demand for a jury trial before any judgment is actually entered; and that the court should not enter its decree until the five days within which the demand may be made have expired. We do not regard anything that was said in Com. v. Reo Speed Wagon, 87 Pa. Superior Ct. 38, as modifying what we said in Com. v. One Ford Truck, supra. The statement in the later case that "the determination of the judge, therefore, after the hearing, is not conclusive, and either party has a right to demand a jury trial," means only that demand for a jury trial is of right, if made within five days after the conclusion of the hearing, and that the determination of the judge before the expiration of the five days does not deprive him of that right. The words, "the determination of the judge, therefore, *after* the hearing" make it clear that the "determination" of the judge was not regarded as a *part of* the hearing. We hold, therefore, that when the parties have had a full opportunity to present their case before the court without a jury and have finally closed it, and the court has taken the case under advisement, there has been a "conclusion of the hearing," and that if either party does not make his demand for a jury trial within five days thereafter, his right to such jury trial has been waived and he is limited to a review of the determination of the court

upon appeal. The contention of the appellee, that because the original proceeding was decided in its favor in the court below, the demand for a jury trial by it would have been an absurdity, is without any force because the original decision in the court below was not made until seven days after the last hearing. Having failed to demand a jury trial within the time prescribed and taken its chance on the decision which the court would render, its right to demand a jury trial was gone.

The order is reversed; the petition of the Commonwealth and the rule granted thereon are reinstated; the rule is made absolute; and the demand for a jury trial is stricken from the record.