## Lebendig License

Anthony J. Giangiulio, for appellant.

Daniel L. Quinlan, Jr., for Secretary of Revenue.

FORREST, J., June 3, 1958.—This is an appeal from the suspension of a motor vehicle operator's license. In his petition for a hearing, appellant has alleged that the Secretary of Revenue suspended his license for a period of 30 days from December 5, 1957, that the reason assigned by the Secretary therefor was that appellant was operating a motor vehicle in excess of the speed limit on February 14, 1957, that a notice

of a hearing by a representative of the Secretary was sent to appellant's residence, but was returned to the Secretary marked "unclaimed—notified October 2, 1957," that the notice was not forwarded by the postal authorities to appellant who, at such time, was living in Norvelt, that upon receipt of notice of suspension, appellant immediately requested a hearing before the Secretary of Revenue, or one of his examiners, but that his request was denied. The Secretary filed no answer to the petition; thus the factual averments of the petition are admitted. Counsel for the Commonwealth and for appellant submit that the sole question before the court is whether a person's operating privilege may be suspended for an infraction of The Vehicle Code without affording him an opportunity for a departmental hearing.

The Vehicle Code of May 1, 1929, P. L. 905, sec. 615(a), as amended, 75 PS §192, specifies certain instances in which the Secretary may suspend the operating privilege of any person, "with or without a hearing." Subsection (b) provides that: "The secretary may suspend the operator's license . . . of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: . . . 2. That such person has committed any violation of the motor vehicle . . . laws of this commonwealth."

Implicit in the right to a hearing is full opportunity to present one's case: Commonwealth v. Seventeen Half Barrels of Beer and Engle Brewing Company, 94 Pa. Superior Ct. 430, at 434 (1928). "A hearing presupposes a formal proceeding upon notice . . .": In re Securities and Exchange Commission, 84 F. 2d 316, 318 (1936). "The requirement of due process of law (in procedural matters) applies to administrative as well as to judicial proceedings": National Automobile Service Corporation v. Barfod, 289 Pa. 307, 311

(1927). " 'The essential elements of due process of law are notice, and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case' ": State Board of Medical Education and Licensure v. Williams, 172 Pa. Superior Ct. 448, 452 (1953). "It is a well-recognized principle in our law that no man's property rights shall be impaired or penalties imposed without notice and an opportunity to appear and be heard": Armour Transportation Company v. Pa. P.U.C., 138 Pa. Superior Ct. 243, 249 (1939). "We think it may be said also 'that adjudicatory action cannot be validly taken by any tribunal, whether judicial or administrative, except upon a hearing wherein each party shall have opportunity to know of the claims of his opponent, to hear the evidence introduced against him, to cross-examine witnesses, to introduce evidence in his own behalf, and to make argument' ": Pennsylvania State Athletic Commission v. Bratton, 177 Pa. Superior Ct. 598, 604-605 (1955).

Ordinarily, it would seem that a notice by the Bureau of Motor Vehicles sent to the address furnished by the motor vehicle operator to the bureau would meet the constitutional requirements of due process. However, in a case such as this, where it appears that through no fault of his, petitioner did not actually receive notice of the hearing, the appeal should be sustained and the suspension of license should be reversed, without prejudice to the right of the Secretary of Revenue to start anew. In Commonwealth v. Grimes, 81 Pitts. L. J. 87 (1933), notice of the hearing was sent by registered letter and delivered to appellant's mail box in the apartment where he lived. However, he testified that he did not actually receive the letter. The court reversed the Secretary's decision of suspension of license, saying: "We are of the opinion petitioner was subject to suspension of his license . . . ,

but only after a hearing before the secretary or his representatives. A hearing necessarily implies notice and opportunity to appear at the hearing, and the secretary of revenue undertook to give notice to petitioner but failed to do so . . . since notice of the hearing was not given to him, he was not subject to suspension of his operator's license under the provisions of the act. . . ."

In this case, appellant having brought his appeal in this court and a hearing having been held thereon, the question naturally arises as to why appellant should not be obliged to abide by the decision of this court on the merits. The Vehicle Code, sec. 616, as amended, 75 PS §193, provides: " '. . . courts are hereby vested with jurisdiction . . . to determine whether the petitioner is subject to suspension of operator's license . . . by the secretary under the provisions of this act." This section requires the court to decide whether any suspension was justified, but does not confer jurisdiction on the court to determine whether suspension for the particular period, or suspension for a different period, is justified. ". . . the plain intention of the statute as to appeal is to furnish a check against the unwarranted exercise of power by an administrative agency acting upon insufficient or incompetent evidence, but facts having been found sufficient to justify action by the secretary of revenue, there is no warrant in the statute for the court to substitute its judgment as to disposition of the case for that of the secretary": Commonwealth v. Volz, 39 Lack. Jur. 25, 27 (1937), quoted in Commonwealth v. Murphy, 87 Pitts. L. J. 274, 275 (1940). Thus, in this case, the court which has heard the evidence is without jurisdiction to amend the particular order of suspension, although it might consider the order unduly severe or harsh. Yet as matters now stand, the order was entered by the secretary without the benefit of the possible tempering

influence of appellant's testimony or cross-examination of other witnesses.

The matter may be resolved very easily and justice done by beginning the hearings afresh before the representative of the Secretary of Revenue.

And now, June 3, 1958, the action of the Secretary of Revenue of the Commonwealth of Pennsylvania in suspending the operator's license of appellant, Robert Louis Lebendig, is reversed, and it is ordered and decreed that the operator's license be restored to him, without prejudice to the right of the Secretary of Revenue to take any action not inconsistent with the foregoing opinion.