## Vivio Motor Vehicle Operator License Case.

Argued November 17, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *Edward Friedman,* Attorney General, for Commonwealth, appellant.

*Albert Vivio,* appellee, in propria persona, submitted a brief.

OPINION BY WRIGHT, J., December 16, 1966:

On December 3, 1965, Albert Vivio was apprehended for operating a station wagon at an excessive speed on Interstate Highway 70. An information was filed before the nearest available magistrate, and Vivio paid a fine of $15.00 and costs. The Secretary of Revenue suspended Vivio's operating privilege for a period of four months. The Court of Common Pleas of Westmoreland County reversed the action of the Secretary of Revenue, and directed that Vivio's operating privilege be restored. This appeal by the Commonwealth followed.

A license to operate a motor vehicle is a limited right to use the public highway, and it is for the Commonwealth, acting through the legislature, to direct the conditions under which this right shall be exercised: *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 257. Section 618 of The Vehicle Code

as then in effect[1] reads in pertinent part as follows (italics supplied): "(a) The secretary may suspend the operating privilege of any person, *with or without a hearing* before the secretary or his representative, upon receiving a record of proceedings [specified] . . . (b) The secretary may suspend the operator's license or learner's permit of any person, *after a hearing* before the secretary or his representative, whenever the secretary finds upon sufficient evidence. . . (2) That such person has committed any violation of the laws of this Commonwealth relating to vehicles or tractors. . . (h) Whenever the secretary suspends the operator's license or learner's permit of any person, the secretary shall immediately notify such person and afford him an *opportunity of* a hearing before said secretary or his representative, provided such hearing has not already been held".

It is undisputed that Vivio did not have a hearing before the secretary or his representative. At the hearing de novo in the court below Vivio testified as follows: "Q. Mr. Vivio, were you ever sent a form from the Department of Revenue requesting whether or not you wanted a departmental hearing. A. No, I wasn't. Q. If you had received a form, would you have requested a hearing? A. Yes, I would". This testimony was uncontradicted.[2] The hearing judge determined "that the petitioner had never received any notice informing him of a departmental hearing", and reached the conclusion "that a departmental hearing or the equivalent of a waiver thereof is essential to the validity of an order of suspension". It is our view

---

[1] Act of April 29, 1959, P. L. 58, §618, 75 P.S. 618. We are not here concerned with the amendment in Act No. 527 of 1965, effective July 24, 1966, establishing the point system.

[2] The instant case is not one in which there actually was a hearing, although irregular. Cf. *Commonwealth v. Cronin*, 336 Pa. 469, 9 A. 2d 408.

that the hearing judge was justified in refusing to affirm the action of the Secretary of Revenue on the present record. However, we are of the opinion that the action of the secretary was not subject to a flat reversal, but that the case should have been returned for compliance with the statutory requirement.

It is argued in the Commonwealth's able brief that the failure of the Secretary of Revenue to afford a departmental hearing was not a sufficient reason for the court below to reverse the order of suspension. Principal reliance is placed upon *Hamsher Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 336, 175 A. 2d 303, and *Scavo Motor Vehicle Operator License Case,* 206 Pa. Superior Ct. 544, 214 A. 2d 309. Each of those cases involved a suspension by virtue of Section 618(a), under the provisions of which the secretary may suspend without a hearing. These decisions do not dictate an affirmance of the action of the Secretary of Revenue in the case at bar, which involves a suspension by virtue of Section 618(b).

Mrs. Ruby G. Hamsher had pleaded guilty to the charge of operating a motor vehicle while her license was under suspension, a misdemeanor specified in Section 618(a). The Secretary of Revenue was authorized to, and did, suspend her license without a hearing. He then gave notice of the suspension, but did not give notice of the opportunity for a hearing under Section 618(h). A majority of this court held that Section 618(h) requires only notice of the suspension, not notice of the right to a hearing; further, that the licensee had waived her right by not requesting a hearing; and lastly, that any error in failing under Section 618(h) to give notice of the right to a hearing had been corrected by the taking of an appeal to the Court of Common Pleas followed by a hearing de novo.

Arthur L. Scavo had also been charged with, and convicted of, operating a motor vehicle while his license was under suspension, a misdemeanor specified in Section 618(a). The Secretary of Revenue was authorized to, and did, suspend his license without a hearing. Scavo then filed an appeal to the Court of Common Pleas. Thereafter, and while this appeal was pending, he requested, and was denied, a hearing before the secretary. The court below reversed the secretary's action solely on the ground that he had refused Scavo a hearing. We held that, by failing to request a hearing before taking an appeal to the Court of Common Pleas, Scavo had waived his right to a hearing. Judge MONTGOMERY made the following significant statement: "If the lower court was of the opinion that appellee was entitled to a hearing before the Secretary of Revenue, although requested after the appeal to the court had been filed, it should have remanded the case for that purpose rather than conclude it as it did".

Also cited in the Commonwealth's brief are *Commonwealth v. Walkinshaw*, 373 Pa. 419, 96 A. 2d 384, and the corollary case, *Walkinshaw v. State of Pennsylvania*, 119 F. Supp. 722. These cases did not arise under Section 618(b). Walkinshaw's license had been suspended by the Secretary of Revenue because of his refusal to appear for special examination under a provision in the 1929 Code now appearing as Section 608(g) of the present statute (75 P.S. 608(g)). He argued that the secretary lacked authority to suspend his license without affording him a hearing after he had failed to appear for the examination. Noting that the statute made no provision for such a hearing, our Supreme Court said: "A hearing to determine an operator's reason for failing to appear would clearly be a useless and time-consuming formality". See also *Commonwealth v. Kohan*, 385 Pa. 264, 122 A. 2d 808.

In brief,[3] it is our view that, before a licensee's operating privilege may be suspended under the provisions of Section 618(b), there must either be a hearing before the Secretary of Revenue or his representative, or competent evidence must be produced that such a hearing was waived by the licensee; further, that this type of administrative deficiency is not cured by a hearing de novo in the Court of Common Pleas upon appeal from the order of suspension. However, as previously indicated, where an administrative body has made an invalid finding or has not accorded a proper hearing, the court granting judicial review should not dispose of the matter on procedural grounds, but should remand the case to the administrative body for further proceedings: *Pennsylvania State Athletic Commission v. Bratton*, 177 Pa. Superior Ct. 598, 112 A. 2d 422.

The order of the court below is vacated, and the record is remanded to said court with the direction that the case be returned to the Secretary of Revenue for the purpose of affording Vivio the opportunity of a hearing in compliance with the statutory requirement.

---

[3] We will not burden this opinion with an analysis of the lower court cases, or attempt to reconcile their divergent views. Cited in the Commonwealth's brief is *Commonwealth v. DiSanto*, 81 Dauph. 23. The appellee has cited *Lamparter Automobile License Case*, 13 Bucks Co. L. R. 258, and *Hanuszozak License*, 20 Pa. D. & C. 2d 716. We have also examined, inter alia, *Giagnocavo Automobile License Case*, 13 Bucks Co. L. R. 248; *Commonwealth v. Horn*, 12 Pa. D. & C. 2d 205; *Lebendig License*, 16 Pa. D. & C. 2d 102, and *Commonwealth v. Bailey*, 2 Centre Co. L. J. 201.