## Commonwealth *v.* Ferris.

Argued May 7, 1971, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, June 29, 1971:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Allegheny County reversing the order of the Secretary of Revenue (now the Secretary of Transportation) suspending the motor vehicle license of Kenneth J. Ferris for ninety days.

Appellee was apprehended by the Pennsylvania State Police on *January 6, 1968,* for speeding at the rate of 57 m.p.h. in a 35 m.p.h. zone in violation of Section 1002(b)(4) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(4). After an information was filed, appellee, without a hearing before the Magistrate, paid the fine and costs on *April 14, 1969.* A report of this conviction was sent to the Secretary by the Magistrate, and six points were assigned to appellee's driving record as mandated by Section 619.1(b) of The Vehicle Code, as amended, 75 P.S. §619.1(b), as of the date of conviction just stated. Then what followed amounts to a burdensome tale indeed.

Appellee's point record showing six points for the first time, by notice dated June 17, 1969, he was ordered to attend Driver Improvement School[1] commencing *July 12, 1969,* for an eight-hour course consisting of four two-hour classes at Carnegie High School. He was further advised by this notice of a thirty-day suspension

---

[1] As mandated by Section 619.1(f) of The Vehicle Code, 75 P.S. §619.1(f).

that would be imposed at a later date as a result of the speeding violation, i.e., for exceeding the posted speed limit by 22 m.p.h., as mandated by Section 619.1(b) of the Code.

At appellee's request, the direction to attend Driver Improvement School in July was postponed, and appellee, by notice dated July 10, 1969, was advised that he was rescheduled to attend school in September. He was subsequently notified on August 18, 1969, to attend classes beginning on *September 6, 1969*. He evidently requested another postponement because by notice dated September 5, 1969, he was advised that he would be rescheduled to attend school during November, but that no further rescheduling would be allowed. Again, on October 16, 1969, appellee was notified to attend school commencing *November 1, 1969,* and continuing on *November 8, 15, and 22.* This notice definitely stated that this was the final rescheduling he would be afforded.

Appellee missed the November 1 session, such absence being explained by a letter dated November 6, 1969, from a Dr. A. J. Cipriani on behalf of appellee to the effect that appellee was sick at home on November 1, 1969 (this letter was received by the Department of Transportation on November 12). Then appellee missed the November 8 session. His excuse for nonattendance was a death in the family, but he failed to mention his relationship to the deceased. On November 13, another notice was sent to appellee that he could attend the remaining sessions of the school in November, and that he could make up the missed sessions in December. But appellee did not attend the remaining November 15 and 22 classes, offered no excuse therefor, made no request to make up the November 1 and 8 sessions, and in fact never attended a class in December or any time thereafter.

Understandably, as mandated by Section 619.1(f) of the Code, five additional points were added to appellee's

point record, making his total point accumulation eleven points. As a result, as mandated by Sections 619.1(i) and (k) of the Code,[2] by notice dated *January 16, 1970* (more than two years after he was apprehended), appellee was advised that a mandatory thirty-day suspension was imposed for excessive speed under Section 619.1(b) of the Code, and a sixty-day suspension of his operating privilege was imposed for reaching eleven points for the first time, these suspensions to run consecutively, effective February 2, 1970. Appellee appealed these suspensions to the court below which, after a very brief hearing, by order dated *December 10, 1970,* reversed the Secretary's order. This appeal followed.

At the hearing below, the Commonwealth offered into evidence appellee's record showing his failure to attend school on the four occasions graciously offered him. From an examination of the record of that hearing, it is evident that counsel for appellee either did not fully apprise himself of the circumstances surrounding his client's failure to attend school, or he carelessly or perhaps intentionally, glossed over the essential facts in his presentation to the court. The essence of his argument was that the actual speeding violation was not contested, but that his client was "ready, willing, and able" to attend school but had not been given sufficient opportunity to do so. The opinion of the lower court echoes this argument and suggests that appellee be given an opportunity to go to school.

We are reminded of these words in *Commonwealth v. Kohan,* 385 Pa. 264, 268, 122 A. 2d 808, 810 (1956): "Such a procedure would make law enforcement subservient to the defiant and the slothful, and would eventually transform regularized procedure into satiric stultification." We also look with favor on this sentence from the Commonwealth's brief: "How long must

---

[2] 75 P.S. §§619.1(i) and (k).

the Commonwealth and the whole scheme of highway safety wait on the pleasure of a motorist to carry out the mandates of the Point System Law—to attend Driver Improvement School?" Under the facts of this case, appellee was afforded more than reasonable opportunity to attend school, and the court below should have dismissed his appeal.

The order of the Court of Common Pleas of Allegheny County is reversed, and the order of the Secretary of Revenue (now Secretary of Transportation) is reinstated. A reinstated suspension shall be issued within thirty days.