**Creazzo License**

*George A. Hahalis,* for appellant.
*Maurice Levin,* for Commonwealth.

GRIFO, J., December 11, 1972.—This case is before

the court on appeal from the suspension of appellant's operating privileges.

On January 12, 1972, appellant was arrested for speeding in a school zone. As a result of this arrest, a hearing was held on January 25, 1972, before a Justice of the Peace, at which appellant was found guilty of the offense charged. On May 5, 1972, appellant was informed by mail that as a result of the conviction, a hearing was to be held concerning the suspension of his operating privileges. The date set for this hearing was May 18, 1972. It is uncontested that appellant failed to appear at the time and place set for the suspension hearing. As a result of his failure to appear, the hearing examiner, having no other evidence before him but the record of the offense and conviction, appellant's operating privileges were suspended for a period of one month.

It is appellant's position here on appeal that his failure to appear was not intentional, but as a result of his attorney's advice. Appellant testified that on May 18, 1972, the date of the suspension hearing, his attorney was at Army summer camp, and that the attorney had assured him the hearing had been rescheduled for a later date. Unfortunately for appellant, such was not the case; hence this appeal.

What is involved herein is the Act of April 29, 1959, P. L. 58, sec. 619.3, as amended, 75 PS §620, which reads, in part:

"Any person whose operator's license or learner's permit has been suspended . . . shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator . . . resides. . . . Such courts are hereby vested with jurisdiction . . . to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension. . . ."

In construing this statute, the Pennsylvania Commonwealth Court has held, that: "In reviewing the Secretary's suspension order, the court of common pleas, under Section 620 of The Vehicle Code, supra, did not have authority to alter the suspension, but only to determine whether or not, after taking testimony and examining the facts, Massey was *subject to suspension of his operator's license.* If the lower court finds that the facts are such that the Secretary had the statutory authorization to impose a suspension, the suspension must stand": Commonwealth v. Massey, 3 Comm. Ct. 304, 281 A. 2d 371 (1971). (Italics supplied.)

Appellant was convicted of violating the Act of April 29, 1959, P. L. 58, sec. 1002(b)(2), as amended, 75 PS §1002(b)(2), which is, under the penalty clause of that statute, a summary conviction. Although this might, for the holder of a regular license, result only in the imposition of "points," under 75 PS §604.1(a), it is stated, in part, that "in the event that a licensed junior operator is . . . convicted of any violation of 'The Vehicle Code' . . . the secretary may, after a hearing, suspend the operating privileges of such junior operator until he has reached the age of eighteen (18) years, or for any other period of time." This has been construed to allow for the suspension of operator's privileges, after the violator has reached the age of 18, for violations which occurred prior to that time: Grosklos Motor Vehicle Operator License Case, 219 Pa. Superior Ct. 179, 280 A. 2d 555; Criswell Motor Vehicle Operator License Case, 219 Pa. Superior Ct. 170, 280 A. 2d 553 (1971). At the time appellant was convicted he was 17 years and eight months old, and was the holder of a junior operator's license.

Under the language in Massey, this court can only make the determination that appellant was subject to suspension, or not, and we must determine that he was. However, we cannot overlook the fact that a hearing,

as required by the statute, was not properly held and that, "In the event the motorist is unable to attend the hearing for good and sufficient cause, his failure to appear shall not subject him to disciplinary or punitive action": Commonwealth v. Kohan, 385 Pa. 264, 122 A. 2d 808 (1956). Here, it cannot be argued that appellant did not have good cause for his failure to appear, in that his attorney advised him that the hearing had been postponed. To suspend an operator's license under such circumstances indeed seems to be punitive action.

" [W] here an administrative body has made an invalid finding or has not accorded a proper hearing, the court granting judicial review should not dispose of the matter on procedural grounds, but should remand the case to the administrative body for further proceedings": Vivio Motor Vehicle Operator License Case, 209 Pa. Superior Ct. 90, 224 A. 2d 777 (1966).

Wherefore, the court enters the following

ORDER

And now, to wit, this December 11, 1972, the Pennsylvania Department of Transportation, Bureau of Traffic Safety, is hereby ordered to set a new date and time for a hearing on the suspension of Nicholas J. Creazzo's operator's privileges.