## Commonwealth v. Foulkrod

*Lawrence Woods*, for appellant.
*John L. Heaton*, for Commonwealth.

WOLFE, P. J., February 6, 1973.—Appellant has appealed from the order of the Secretary of Transportation, suspending his motor vehicle operator's privileges until sufficient proof of competency is established under section 618(a)(1) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §618. Appellant's license was suspended following a one-car accident in which he was involved as the operator in striking a sign in the Village of Marienville. Appellant attributes this accident to his irritation over the manner in which another motorist operated his vehicle exiting from a service station; however, when the State

Police investigated the accident, it was concluded appellant had suffered an epileptic attack. Appellant admits he is an epileptic, having been under medication as an epileptic since 1960. Appellant is required to take dilantin with phenobarbitol daily to ward off the attacks. His last attack was one and one-half years ago and prior to that he had an attack in 1968.

Appellant was examined by a neurologist at the request of the Bureau of Traffic Safety and the examination, made on September 25, 1972, states appellant has no significant impairment in his reaction time, has coordination of movement of extremities, no muscular weakness, no paralysis and concludes from a medical standpoint his condition is not such as to prevent him from reasonably controlling a motor vehicle.

Since 1968, appellant has suffered two mild attacks and, according to appellant, he is warned 15 to 20 seconds before they occur and, in his opinion, he would have sufficient time to stop his vehicle. Appellant has never been involved in any traffic violations and has a clear record.

We are of the opinion the suspension should be revoked and appellant's operating privileges restored for two reasons. The act provides that the secretary may suspend operating privileges with or without a hearing upon receiving a record of proceedings, in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury; operating privileges may also be suspended whenever the secretary finds upon sufficient evidence that such person is incompetent to operate a vehicle or is affected with mental or physical infirmities or disabilities rendering it unsafe for said person to operate a motor vehicle upon the highways.

We have examined the record brought up on this appeal and can find therein no proceedings wherein

the appellant pleaded guilty or nolo contendere, or was found guilty of violation of any section of The Vehicle Code; no hearing was afforded the appellant before the secretary or his representative before the suspension was made. Unless these conditions are fulfilled, the secretary may not suspend operating privileges. Vivio Motor Vehicle Operator License Case, 209 Pa. Superior Ct. 90 (1966); Lankey Motor Vehicle License Case, 209 Pa. Superior Ct. 96 (1966).

Notwithstanding this technical grounds for reversal we think the only two reported cases on the issue mandate a reversal on the merits: Commonwealth v. Miller, 89 D. & C. 486 (1954), and Dehrone License, 21 D. & C. 2d 542 (1960).

These cases hold it is unjust to deprive an otherwise competent driver of the needed use of his vehicle where there is no more risk to his causing injury to himself or others by his condition, whether it be epileptic or diabetic, than there is in the case of an average driver who may suffer a heart attack or any other number of conditions which might cause sudden loss of consciousness.

In the instant case, appellant recognizes his condition and takes his medication diligently, is given warning of the approach of his seizures, and has not suffered the seizures at frequent intervals.

It is certainly an understatement to say there is a high risk involved for any user of the highways, and this risk should not be increased for any reason; however, to ban appellant from the use of the highway under the circumstances here prevailing would be an arbitrary act on the part of the court when his condition could not even be equated with the large number of accidents and deaths incurred by reason of the drunken driver, auto mechanic defects, excessive speeding and reckless driving. We do not think we are

682

adding to the risk nor does the evidence point in that direction in the instant case.

For the foregoing reasons, we make the following

## ORDER

And now, to wit, February 6, 1973, the order of the secretary suspending the license of Raymond Foulkrod is reversed and his license privileges are restored.

Exceptions to the Commonwealth.