## Pennsylvania State Athletic Commission, Appellant, *v.* Bratton.

Argued November 12, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

Edward Friedman, Deputy Attorney General, with him Elmer T. Bolla, Deputy Attorney General and Frank F. Truscott, Attorney General, for appellant.

John Patrick Walsh, with him Leon Rosenfield, for appellee.

OPINION BY RHODES, P. J., March 24, 1955:

This is an appeal from the order of the Court of Common Pleas of Dauphin County sustaining the appeal of Johnny Bratton, a professional boxer, from an adjudication of the Pennsylvania State Athletic Commission in suspending indefinitely his privileges as a professional boxer and forfeiting $3,000 of his purse. The commission's determinations were based on its so-

called findings that Bratton, in a match on February 24, 1954, did not "fight in the manner in which he has shown he could in the past, and was not putting forth his best efforts . . ." :

On appeal by Bratton taken under the provision of the Administrative Agency Law of June 4, 1945, P. L. 1388, as amended, 71 PS §1710.1 et seq., he excepted to the findings and decision of the commission, and gave as the reasons therefor that the findings were not supported by evidence; that the findings and decision were not made in accordance with the procedures and standards set forth in the Act of April 28, 1933, P. L. 98, as amended, 4 PS §§1-23; and that he was not afforded the safeguards provided by the Administrative Agency Law.

The Court of Common Pleas of Dauphin County held that no adequate findings were set forth in the adjudication; that the adjudication was not supported by substantial evidence; and that on the record as certified the commission failed to comply with the mandatory provisions of the Administrative Agency Law or with the requisites of due process as to notice and a proper hearing. The court, on July 6, 1954, entered an order setting aside the orders of the commission suspending Bratton and forfeiting a part of his purse, and directed the $3,000 so forfeited to be returned to Bratton by the proper authorities. On the same day the commission, by the Attorney General of the Commonwealth, presented a petition to the Court of Common Pleas of Dauphin County setting forth that it considered the administrative proceeding against Bratton a matter of public importance, and asking the court to remand the case so that the commission could proceed further in accordance with law. That court on July 14, 1954, refused to modify its previous order or to grant the petition of the commission for remand. The

commission has brought the present appeal in the Superior Court. Counsel for Bratton have filed a motion to quash the appeal.

Unquestionably, on the basis of the certified record, there was a failure on the part of the commission to comply with the procedural requirements of the Administrative Agency Law; and substantial evidence may not have been presented at the hearing to support the adjudication in question. The entire record of the proceedings, as certified to the Court of Common Pleas of Dauphin County by the commission, is set forth in the footnote.[1]

---

[1] February 25, 1954

The Pennsylvania State Athletic Commission held a meeting on the above date in the Philadelphia Offices. The meeting was called to order at 9:00 a.m. Present were Commissioner George J. Jones, Jr., Commissioner John D. Holahan, Secretary H. LaBarre Potts, Deputy Attorney Benjamin Abramson, Chief Deputy Dave Brodsky, Dr. Simpkins, Dr. Bartone, Johnny Bratton, Herman Wallman, manager of Johnny Bratton, Herman Taylor and Joe Sweeney, referee. Testimony was taken in the matter of the Bratton-Saxton boxing match held at the Arena last night.

Dr. Simpkins testified that he examined Bratton immediately about the bout and he saw no reason whatsoever why Bratton could not have put up a good fight.

Dr. Bartone also examined Bratton before and immediately after the bout and found him to be in perfect condition and there were no complaints before and no excuses after the bout.

Joe Sweeney, the referee, testified that he had told Bratton on several occasions to fight and that he personally felt that Bratton was not doing his best.

Bratton testified that Saxton kept pushing him back against the ropes and that Bratton could not get out to fight and he also testified that he was in perfect condition.

Herman Taylor, the promoter and Herman Wallman, the manager of Bratton testified that it was a very, very bad fight.

Bratton has received a check of his television rights from the television company for $4,000—his percentage of the receipts from the sale of tickets would have been $4,700.50 additional. Bratton

The Administrative Agency Law sets forth certain basic and elemental procedural requirements applicable to adjudications by the administrative agency or commission. Sections 31 to 34, inclusive, of the Law, 71 PS §§1710.31-1710.34, apply here, and provide as follows:

"Section 31.—Hearing and Record. No adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings.

"Section 32. Evidence; Cross-examination.—Agencies shall not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonable probative value may be received. Reasonable examination and cross-examination shall be permitted.

was suspended indefinitely and his purse of $4,770.50 is held for the disposition of the Commission on March 10th.

Attest:
H. LaBarre Potts,
H. LaBarre Potts,
Secretary

March 10, 1954

The Commission has this day unanimously decided that due to the fact that Bratton did not, in the opinion of the Commission, fight in the manner in which he has shown he could· in the past, and was not putting forth his best efforts—for that reason, the Commission has forfeited $3,000 of his purse.

Furthermore we want this to be a warning to all boxers coming into the State of Pennsylvania, that they must put forth their best efforts or run the risk of having their purses forfeited and being suspended.

Pennsylvania State Athletic Commission
Frank Wiener,
Frank Wiener,
Chairman

"Section 33. Briefs; Oral Argument.—All parties shall be afforded opportunity to submit briefs prior to adjudication. Oral argument upon substantial issues may be heard by the agency.

"Section 34. Adjudications; Service.—All adjudications shall be in writing, shall contain findings and the reasons for the adjudication, and shall be served upon all parties or their counsel personally, or by mail. If service is made by mail the date of mailing shall be the date of service."

It does not appear that Bratton was advised of the charges against him or that notice of the hearing was given to him. However, he and his manager appeared at the hearing before the commission on February 25, 1954, and both testified. But the testimony was not stenographically recorded, and the record does not indicate whether the witnesses were sworn or whether opportunity was given for reasonable examination and cross-examination of parties and witnesses. The record of the proceeding is incomplete, and the adjudication contained no definite findings of fact other than the import of the testimony. Furthermore, the record does not disclose that the party affected was given notice of the meeting of the commission held on March 10, 1954, at which the supplemental order was made forfeiting $3,000 of Bratton's purse. " 'The essential elements of due process of law are notice, and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case . . .' " *State Board of Medical Education and Licensure v. Williams,* 172 Pa. Superior Ct. 448, 452, 94 A. 2d 61, 63. We think it may be said also "that adjudicatory action cannot be validly taken by any tribunal, whether judicial or administrative, except upon a hearing wherein each party shall have opportunity to know of the claims of his opponent, to hear the evidence introduced against

him, to cross-examine witnesses, to introduce evidence in his own behalf, and to make argument." *Philadelphia Co. v. Securities and Exchange Commission* (D.C. Cir.), 175 F. 2d 808, 817; Ib. 337 U. S. 901, 69 S. Ct. 1047, 93 L. Ed. 1715. But see, 28 Temple Law Quarterly, 1954, No. 2, pp. 212, 216.

However, the commission, as appellant, contends that the court below, having set aside its adjudication, was bound to remand the case to the commission for further proceedings; that in failing to do so the court abused its discretion and usurped administrative power, rendering ineffective the purpose for which the administrative body was established.

Section 44 of the Administrative Agency Law, 71 PS §1710.44, dealing with the disposition by the court of an appeal from an administrative adjudication, provides: "The court to which the appeal is taken shall hear the appeal without a jury on the record certified by the agency. After hearing, the court shall affirm the adjudication unless it shall find that the same is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of sections thirty-one to thirty-five inclusive of this act have been violated in the proceeding before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may set aside or modify it, in whole, or in part, or may remand the proceeding to the agency for further disposition in accordance with the order of the court."

Under the circumstances, it was clearly an abuse of the discretionary power of the court where it set aside the administrative proceeding for noncompliance with the Administrative Agency Law and as lacking in due process and did not remand to the administrative body

for further action and disposition. Although the judiciary, through the application of fundamental law, may act as a check upon excesses of administrative power, a court in reviewing the adjudication of such an agency should not act in a manner that fails to give full effect to the remedial intent of the law. See Act of June 14, 1923, P. L. 710, as last amended by the Act of May 18, 1945, P. L. 634, 4 PS §1 et seq. "Courts no less than administrative bodies are agencies of government. Both are instruments for realizing public purposes." *Scripps-Howard Radio, Inc. v. Federal Communications Commission,* 316 U. S. 4, 15, 62 S. Ct. 875, 86 L. Ed. 1229, 1237. The failure to remand in the present case resulted in an untenable judicial interference with the administrative function. The distinction between judicial review of administrative discretion and substituting judicial discretion for administrative discretion is by now well recognized. *Hotchkiss Liquor License Case,* 169 Pa. Superior Ct. 506, 511, 83 A. 2d 398; *Booker Hotel Corporation Liquor License Case,* 175 Pa. Superior Ct. 89, 93, 103 A. 2d 486. Where the administrative body has made invalid or inadequate findings or has not afforded a fair hearing, the court granting judicial review can and should remand the case to the administrative body "for further proceedings to the end that valid and essential findings may be made [citing cases]." *Ford Motor Co. v. National Labor Relations Board,* 305 U. S. 364, 373, 59 S. Ct. 301, 83 L. Ed. 221, 230. In the *Ford* case the Supreme Court of the United States was passing upon the propriety of the action of the Circuit Court of Appeals remanding a cause to the National Labor Relations Board for the purpose of setting aside the board's findings and order and for the reconsideration of the entire case by the board. The Supreme Court further stated (page 374 of 305 U. S., page 230 of 83 L. Ed.) : "The 'remand'

does not encroach upon administrative functions. It means simply that the case is returned to the administrative body in order that it may take further action in accordance with the applicable law. . . . Such a remand does not dismiss or terminate the administrative proceeding. . . . If further evidence is necessary . . . that evidence may be taken. . . . Whatever findings or order may subsequently be made will be subject to challenge if not adequately supported or the Board has failed to act in accordance with the statutory requirements."

If after judicial review administrative proceedings remain indefinite and unconcluded, remand for further administrative action is necessary for the fulfillment of the administrative process.[2] *Federal Power Commission v. Idaho Power Company,* 344 U. S. 17, 73 S. Ct. 85, 97 L. Ed. 15, 20; *Federal Trade Commission v. Carter Products, Inc.,* 346 U. S. 327, 74 S. Ct. 2, 98 L. Ed. 4; *Secretary of Agriculture v. United States,* 347 U. S. 645, 74 S. Ct. 826, 98 L. Ed. 1015. See, also, to the same effect, *Pennsylvania Labor Relations Board v. Frank,* 362 Pa. 537, 546, 67 A. 2d 78; *Katzin v. McShain,* 371 Pa. 251, 253, 89 A. 2d 519. Cf. *Pennsylvania State Board of Medical Education and Licensure v. Schireson,* 360 Pa. 129, 61 A. 2d 343. Likewise, in workmen's compensation cases or unemployment compensation cases, where judicial review discloses material errors in the administrative proceeding and the reviewing court cannot enter a conclusive order, the matter usually must be returned to the administrative board for further proceedings. *Lavely Unemployment*

---

[2] "If a board or commission has failed to make an essential finding and the record on review is insufficient to provide the basis for a final determination, the proper procedure for the court is to remand the case for further proceedings before the board." 42 Am. Jur., Public Administrative Law, §248, pp. 689, 691.

*Compensation Case,* 163 Pa. Superior Ct. 66, 67, 70, 60 A. 2d 352; *Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, 334, 24 A. 2d 51. Similarly, where trial errors render the trial of a civil[3] or a criminal[4] case improper or in violation of fundamental rules of law, the reviewing court ordinarily cannot terminate the proceeding and render a conclusive judgment but must remand for a new trial.

Appellee's motion to quash the appeal must be overruled. The administrative body is a formal party to the proceedings, and, where the court sets aside its adjudication and refuses its petition for remand, the appeal is not moot or from an interlocutory order so far as the administrative body is concerned. Cf. *Ford Motor Co. v. National Labor Relations Board,* supra, 305 U. S. 364, 59 S. Ct. 301, 83 L. Ed. 221.

The order of the court below is vacated, and the record is remanded to said court with direction to return it to the commission for further hearing, consideration, and disposition in accordance with the applicable law.

---

[3] *Hershberger v. Hershberger*, 345 Pa. 439, 442, 29 A. 2d 95.

[4] *Com. v. Tracey*, 130 Pa. Superior Ct. 15, 20, 196 A. 549. Cf. *Com. v. Miller*, 173 Pa. Superior Ct. 168, 170, 96 A. 2d 153.