## Clairton City School District Appeal

*Hanson & Hanson*, for appellant.

*Anne X. Alpern*, Attorney General, and *John Sullivan* and *John D. Killian, 3rd*, Deputies Attorney General, for Commonwealth.

SHELLEY, J., April 24, 1961.—This is an appeal of the School District of the City of Clairton, Allegheny County, (hereinafter referred to as "appellant"), from the decision of the State Tax Equalization Board (hereinafter referred to as the "board").

In accordance with section 13 of the Act of June 27, 1947, P. L. 1046, as amended, 72 PS §4656.13, appellant requested a hearing before the board relative to the 1958 market values of taxable real estate in the city of Clairton. A hearing was held before the board on February 9, 1960, and a final decision rendered by the board on May 3, 1960. It is from this decision of the board that appellant appeals.

There is no stenographic record of the testimony taken of the hearing before the board on February 9, 1960. The only record of what transpired at that hearing is what is captioned as "Notes on Recording of Clairton City School District hearing before the State Tax Equalization Board February 9, 1960," (hereinafter referred to as the "notes." These notes are not a part of the record in this case.[1]

---

[1] Prior to the hearing before the court, it was indicated that these notes were in existence and upon request were given to the court for the purpose of informing the court of the background of the matter. These notes state that appellant had filed a protest with the board and indicate there was a general discussion. At the

Attached to appellant's petition for appeal is an exhibit captioned "Clairton City School District Allegheny County—Finding of Fact," wherein appears a summary of the contents of the notes referred to above. At the hearing before the court, appellant offered testimony and at the conclusion thereof the Commonwealth made a motion for a compulsory nonsuit. This motion was denied and the Commonwealth did not present any testimony.

The Act of June 27, 1947, P. L. 1046, sec. 13, as amended; 72 PS §4656.13 provides:

"Any school district aggrieved by any finding or conclusion of the board affecting the amount of any Commonwealth subsidy payable to it, may, in writing, state its objections thereto, and shall thereupon be granted a hearing by the board at which hearing the board shall submit evidence and the district shall have the right to submit evidence for the purpose of showing that the findings of the board are incorrect, and to present arguments to substantiate its contention. After carefully considering all evidence submitted and the arguments of the district and based upon the same, the board shall make such modification and adjustments of its findings and computations as to it shall appear proper or it may dismiss the objections. In either event the board shall make a written finding of fact based upon all the evidence submitted."

This provision of the law provides that where there is an objection to the board's finding, there shall be a hearing before the board and "the board *shall*[2] submit

end of the notes there are two legends: (1) "(Further discussion was 'off the record'"; (2) "Revised per discussion with Mr. Hagberg of Mr. Robert Hanson's office)." There is also the typewritten name of "George E. Fox, Director of Research, State Tax Equalization Board." There is no indication in the notes that any witnesses were called, sworn, examined and/or cross-examined.

[2] Italics supplied.

evidence." At no time, either at the hearing before the board or at the hearing before the court on appeal, did the board submit any evidence. Appellant was, therefore, denied a right of cross-examination. Our own court has held in the case of Gottshall v. Batt, 71 Dauph. 383 (1958), at page 392:

". . . that a fair and open hearing is the 'inexorable safeguard' which protects the liberty and property of individuals in quasi-judicial proceedings before administrative tribunals. Such a hearing is the minimal requirement of the Fourteenth Amendment of our Federal Constitution and the Due Process Clause of the Constitution of this Commonwealth, Article I, §1 and §9. To satisfy the requirements of due process in a quasi-judicial proceeding, the requisite hearing must be characterized by fair play. That hearing must be full and fair, but it can be neither when the right of cross-examination is denied. Since the right of cross-examination was denied in the hearings before the Board, and was not accorded in the departmental hearing where no testimony was taken, there was fatal error in the administrative procedure."

In Interstate Commerce Commission v. Louisville and Nashville Railroad Company, 227 U. S. 88, 93 (1913), the Supreme Court of the United States, in setting forth the requisites of a fair hearing, held that "All parties . . . must be given opportunity to cross-examine witnesses, . . ." And in Shenandoah Suburban Bus Lines, Inc., Case, 355 Pa. 521 (1947), our Supreme Court expressly held that in quasi-judicial proceedings, interested parties must be given an opportunity to cross-examine witnesses. See also Pennsylvania State Athletic Commission v. Bratton, 177 Pa. Superior Ct. 598 (1955).

Section 1 of the Act of June 27, 1947, supra, 72 PS §4656.1, provides that the State Tax Equalization Board is an independent administrative board, and

the Supreme Court in Newport Township School District v. State Tax Equalization Board, 366 Pa. 603 (1951), held that the board is an independent administrative board. It functions not as a judicial body but as a legislative or administrative body to supply one fact of a legislative formula by which school subsidies are allocated.

The Act which provides for the State Tax Equalization Board designates it as an administrative board. It follows that the procedure set up by the Administrative Code for adjudication procedure must be followed by the board.

The Administrative Agency Law of June 4, 1945, P. L. 1388, sec. 31, 71 PS §1710.31, provides:

"No adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings."

Section 32 of the Act of June 4, 1945, supra, 71 PS §1710.32, provides that, while (administrative) agencies are not bound by technical rules of evidence at hearings and that all relevant evidence of reasonable probative value may be received, "Reasonable examination and cross-examination shall be permitted."

Adjudicatory action cannot be validly taken by any tribunal, whether judicial or administrative, except upon a hearing wherein each party has opportunity to know of the claims of his opponent, to hear the evidence introduced against him, to cross-examine witnesses, to introduce evidence in his own behalf and to make argument: Pennsylvania State Athletic Commission v. Bratton, supra. In this case, President Judge Rhodes criticized the State Athletic Commission for failing to record the testimony steno-

graphically and said that the record did not indicate whether the witnesses were sworn or whether opportunity was given for reasonable examination and cross-examination of the parties and the witnesses. He said: "The record of the proceeding is incomplete, and the adjudication contained no definite findings of fact other than the import of the testimony." As measured by the standard set up in the State Athletic Commission case, the adjudicatory procedure followed by the board in the instant case was wholly inadequate.

Section 13 of the Act of June 27, 1947, as amended, supra, provides for an appeal to this court "on the issue of whether the decision of the board is arbitrary, capricious and an abuse of discretion." And "on such appeal, the court shall not hear the case de novo but shall hear arguments from both the school district and the board, receive such evidence and testimony as the court deems necessary for the purposes of such appeal, and make such decision in the matter as appears to it just and proper, either sustaining the adjudication of the board or reversing the adjudication of the board and remanding the proceeding to the board for further disposition."

The Commonwealth did not present any testimony at either the hearing before the board or on the appeal before us. We received the testimony which was offered by appellant. The Commonwealth elected not to present any testimony but moved for a compulsory nonsuit. The testimony before the board was not taken stenographically as required by the Act of June 4, 1945, supra, and the record does not indicate whether the witnesses were sworn or opportunity given for reasonable examination and cross-examination of the parties and witnesses. The record of the proceeding before the board is not complete and the adjudication contains no findings of fact based

on the testimony nor any conclusions of law. This compels us to remand the matter to the board for further consideration in order that the adjudicatory proceeding may be in accordance with the law as outlined in this opinion.

*Order*

And now, April 24, 1961, this matter is remanded to the State Tax Equalization Board of the Commonwealth of Pennsylvania for further consideration in order that the adjudicatory proceeding may be in accordance with the law as outlined in this opinion.