## Scavo Motor Vehicle Operator License Case.

Argued September 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Elmer T. Bolla,* Deputy Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*William A. Degillio,* for appellee.

OPINION BY MONTGOMERY, J., November 10, 1965:

The appellee, Arthur L. Scavo, was convicted in the Quarter Sessions Court of Luzerne County of the

misdemeanor of operating a motor vehicle while under suspension and was sentenced to pay a fine of $100 and costs of prosecution. Notice of his conviction was certified to the Secretary of Revenue who suspended appellee's operating privileges for one year, effective May 6, 1964. Appellee having received official notice of this action on May 5, 1964, filed an appeal to the Common Pleas Court of Luzerne County on May 6, 1964, and secured from that court an order of supersedeas to stay the suspension of his license. Thereafter, on May 12, 1964, before his appeal was heard by that court, he requested a hearing before the Secretary of Revenue which was denied by the Secretary on June 10, 1964, because of the appeal to the Common Pleas Court. After a hearing de novo at which evidence of the conviction was offered[1] the court reversed the Secretary solely because he had refused appellee a hearing, thereby exceeding his authority under Section 618(h) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §618(h).

The questions before us may be limited to, (a) was appellee entitled to a hearing requested after he had taken an appeal to the Common Pleas Court, and (b) if he was improperly refused such a hearing was that sufficient reason for the court to reverse the Secretary.

The second question may be readily answered in the negative. The appeal perfected by appellee after the suspension of his privilege to drive was proper and imposes on the Common Pleas Court, pursuant to Section 620 of The Vehicle Code, the duty "to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license . . ." The lower court ap-

---

[1] Hon. RICHARD L. BIGELOW presided at the trial of appellee at which he was convicted, as well as at the hearing on the appeal from the suspension.

parently misunderstood its authority under this provision and concluded the matter not on the facts on which the order of suspension was based but on procedural grounds. This was improper and requires reversal. See *Pennsylvania State Athletic Commission v. Bratton*, 177 Pa. Superior Ct. 598, 607, 112 A. 2d 422, 426 (1955), wherein President Judge Rhodes, speaking for a unanimous Court said, "where judicial review discloses material errors in the administrative proceeding and the reviewing court cannot enter a conclusive order, the matter usually must be returned to the administrative board for further proceedings." If the lower court was of the opinion that appellee was entitled to a hearing before the Secretary of Revenue, although requested after the appeal to the court had been filed, it should have remanded the case for that purpose rather than conclude it as it did.

However, in order to avoid any unnecessary action we shall consider the basic question of whether appellee was entitled to such hearing. This question has also been settled by this Court in *Hamsher Motor Vehicle Operator License Case*, 196 Pa. Superior Ct. 336, 175 A. 2d 303 (1961). Therein we held that a motorist by failing to ask for a hearing before the Secretary of Revenue and taking an appeal waived her right to a hearing. The case is also authority for the ruling that a hearing before the Secretary is not a prerequisite to a hearing de novo before the judicial body hearing the appeal.

Order reversed and case remanded to the lower court for consideration and decision on the merits.