## Commonwealth v. Heindel

*Joseph L. Cohen,* Assistant Attorney General, for Commonweatlh.

*Jeffrey C. Bortner,* for defendant.

SHADLE, J., March 8, 1967.—These are summary conviction proceedings in which defendant has appealed from his conviction before a justice of the peace of violating an order of the State Air Pollution Commission. Testimony was taken before the court. Defendant demurred at the close of the Commonwealth's case and, without prejudice thereto, offered evidence in his own behalf. Defendant asserts both his demurrer and a motion to adjudge him not guilty on the facts. Counsel for both parties have submitted briefs in support of their respective positions.

Section 5 of the Air Pollution Control Act of January 8,. 1960, P. L. (1959) 2119, 35 PS §4005, authorizes the Air Pollution Commission to adopt rules and

regulations for the control of air pollution, and to hear and determine all complaints with reference thereto. It provides that: "Any and all action by the Commission taken with reference to any complaint shall be in the form of an adjudication, and all such action shall be subject to the provisions of the Administrative Agency Law. . . ."

Pursuant to these provisions, on May 29, 1962, the commission adopted Regulation II. Defendant contends that the Commonwealth failed to prove that the procedural prerequisites were followed prior to the regulation becoming effective. However, a certified copy of the regulation showing it to have been adopted by the commission was admitted in evidence, and it is prima facie presumed that acts of public officials and bodies were performed with regularity until the contrary appears: Hughes v. Chaplin, 389 Pa. 93 (1957). There was no evidence that the regulation was not properly adopted, and we find that it was.

Section 1.3 of the regulation provides that: "No person shall cause, suffer, allow or permit open burning of refuse in such a manner as to cause air pollution". It should be noted that not all open burning necessarily causes air pollution, but only such burning as creates the condition as defined in section 3 of the act, supra, 35 PS §4003.

The Commonwealth claims that at a "meeting" of the commission on August 23, 1966, the commission entered an order finding that defendant was causing air pollution, as defined in the act, and directing that, within 15 days from receipt of such order, defendant should cease all open burning and extinguish all fires on his premises. However, the Commonwealth offered no proof of the entry of such order except a copy of the letter addressed by the commission to defendant, stating that such meeting and finding had occurred, and quoting the "cease and desist" portions of the

order. This self-serving declaration clearly was hearsay, and under the best evidence rule, the only admissible evidence of the finding and order of the commission was a certified copy from the records thereof. The Commonwealth obviously could and should have produced such a copy, as it did of Regulation II, and, having failed to do so, we conclude as a matter of law that there was no proof of the existence of the order which defendant is charged with violating.

Furthermore, the Commonwealth witnesses admitted that defendant received no prior notice that such "meeting" would be held, that he was not present thereat, and that, although certain witnesses were present and apparently testified to undisclosed facts, no proof was offered to show that defendant had committed air pollution as defined in the act.

As noted above, the act requires action of the commission to be in the form of an adjudication and to comply with the Administrative Agency Law. Section 34 of the latter statute, Act of June 4, 1945, P. L. 1388, 71 PS §1710.34, requires all adjudications to be in writing, to contain findings and reasons, and to be served upon the parties. There is no evidence that any such action has been taken. A letter from an administrative board to the affected party does not constitute an adjudication: State Board of Funeral Directors v. Bock, 74 Dauph. 320 (1959).

Furthermore, section 31 of the Administrative Agency Law, supra, 71 PS §1710.31, provides that no adjudication shall be valid as to any party unless he shall have been afforded reasonable opportunity to be heard. The Commonwealth contends that the requirement of prior notice of a hearing was obviated by the following paragraph in the letter from the commission to defendant (although there is no evidence that this is in accordance with any rule or regu-

lation of practice before the commission): "You are also notified that you may, if you wish, request a hearing before the Air Pollution Commission. Such request must be made in writing within thirty (30) days of the receipt of the order". Claims the Commonwealth, since defendant made no post-facto request for a hearing, he waived one.

The Commonwealth cites no authority for this proposition, and we know of none. In fact, it was stated in Pennsylvania State Athletic Commission v. Bratton, 177 Pa. Superior Ct. 598 (1955), that where the record fails to show that a party affected was given notice of a meeting of an administrative body at which an order affecting his rights was made, the elements of due process of law are violated. In our opinion, when an ex parte meeting is held without notice at which facts are found, a determination is made and an order affecting rights is entered, neither the requirements of the Administrative Agency Law nor those of due process are met by notifying the affected party that he is thereafter entitled to request a hearing to determine whether what the administrative body already has done is correct.

The Commonwealth claims, however, that since defendant failed to appeal from the order alleged to have been entered by the commission, as he was entitled to do so by section 5(g) of the Air Pollution Act, supra, 35 PS §4005, he is now precluded from collaterally attacking the validity of any such order in this proceeding. In support of this proposition, it cites Commonwealth v. Jackson, 146 Pa. Superior Ct. 328 (1941), and Commonwealth v. Ziegler Dairy Company, 139 Pa. Superior Ct. 224 (1939). However, those cases merely held that in proceedings for violating the terms of administrative orders, the reasonableness of such orders, or the fact that they were based on *unadmitted evidence*, cannot be collaterally raised. This clearly

cannot be the rule where the very existence of the order is in dispute, and where it is admitted that the order was entered without notice and the opportunity of a prior hearing. It must be remembered that in the instant prosecutions defendant is not charged with unlawfully polluting the air, but with failing to comply with the questioned order of the commission. Absent proof of the existence and validity of the order charged to have been violated, the offense has not been made out.

So that there may be no misunderstanding, it is our opinion that a case warranting conviction would be made out upon proof:

(1) That Regulation II was duly adopted as shown by a certified copy of the records of the commission to that effect, and a certified copy of such regulation;

(2) That an order of the commission was entered and served upon the offender directing him to cease certain acts, as shown by a certified copy of the records of the commission to that effect, and a certified copy of such order;

(3) If the offender offers proof to the contrary, that such order was entered after a hearing of which the offender had due notice and an opportunity to be present and defend and, after a written adjudication, containing findings and reasons, has been served upon the parties;

(4) That the offender had thereafter violated the terms of such order.

It is further our opinion that if there is no evidence to the contrary, certified records showing the adoption and contents of the order create a prima facie presumption of regularity, and that on the basis of either such an unrebutted presumption or adequate proof that such order was properly entered and was unappealed from, the basis of such order is not subject to collateral attack in such enforcement proceedings.

The number of unsuccessful civil and criminal pro-

ceedings which have occurred in this county by reason of alleged similar misconduct on defendant's premises warrants our further comment. If any such conduct is improper or unlawful, justice requires that it be dealt with. If air pollution is occurring, it should be stopped. This can and will be done as and when the moving party proceeds with the care and diligence required by law.

ORDER

And now, to wit, March 8, 1967, defendant's demurrer is sustained and he is discharged in each case. The clerk of courts is directed to refund to him any fine and costs heretofore paid by him.