## Bonser License

*Jack A. Rounick*, for Commonwealth.

*Vincent A. Cirillo*, for appellant.

DITTER, J., April 8, 1969.—Petitioner was arrested for operating a motor vehicle while under the influence of intoxicating liquor. Prior to his trial on the criminal charge, his driver's license was withdrawn by the Secretary of Revenue in an ancillary proceeding. An appeal from the secretary's action brings the matter before the court.

At a hearing before an examiner of the Department of Revenue, petitioner refused to make any statement or offer any testimony because his criminal trial had not yet been held. A police officer testified concerning observations he had made of Mr. Bonser at the time of his arrest. Petitioner's counsel then sought to cross-examine the officer, but was not permitted to do so. Petitioner now contends that the suspension of his license was illegal since the right of cross-examination was denied. We agree. Section 32 of the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.32, provides that the right of reasonable

cross-examination shall be afforded in all administrative hearings.

Commonwealth v. Cronin, 336 Pa. 469 (1939), which held that cross-examination was not a necessary part of motor vehicle license suspension hearings, predated this act and is therefore no longer the law. In view of the deficiency in the hearing, the case should be remanded to the Department of Revenue for furthur proceedings: Scavo Motor Vehicle Operator License Case, 206 Pa. Superior Ct. 544 (1965).

And now, April 8, 1969, the order of the Department of Revenue, Commonwealth of Pennsylvania, suspending petitioner's motor vehicle operator's license is hereby set aside and the matter is remanded to the department for a further hearing at which petitioner's right of cross-examination shall not be denied.