**Silver License**

*Samuel Glantz*, for appellant.

*R. Barry McAndrews*, for Commonwealth.

MONROE, J., March 19, 1970.—This is an appeal by Joseph Silver of 127 Ironwood Road, Levittown, Bucks County, Pa., from the following order of the Secretary of Revenue of the Commonwealth of Pennsylvania, dated May 15, 1968 effective May 27, 1968:

"This Department has received notice that you have failed to attend or satisfactorily complete the requirements of the special examination as required by Section 619.1-G. Accordingly, 5 additional points were assigned to your record as required thereunder.

"Your total point accumulation is 15 points.

"Since your point record shows an accumulation of at least 11 points a suspension of 60 days is imposed as mandated by Section 619.1-G, I and K.

"You are required to return any current operator's license in your possession for a period of 60 days."

At the hearing before the undersigned held September 27, 1968, the following factual situation was stipulated to by counsel for the Commonwealth and counsel for appellant: Appellant was convicted on March 7, 1967, for violating section 1002(b)(4), a speeding violation of The Vehicle Code of April 29, 1959, P. L. 58. For this violation, the Secretary of Revenue assigned six points, effective as of March 7, 1967, against the driving record of appellant and directed appellant to attend a driver improvement

school.[1] Appellant attended the school, successfully passed the examination and thereafter his record was credited with one point,[2] thus reducing the number of points assigned against his record to five points. As of February 1, 1968, he was convicted of violating section 1028(a) of The Vehicle Code, reckless driving, and the secretary thereupon assigned five additional points to his driving record, making a total of 10 points against his record. Since appellant's driving record for the second time showed six and more points, the secretary, in compliance with the mandate of section 619.1(g) of the code required and notified appellant to undergo the special examination provided for in section 608(g) of the code. Appellant attended the special examination on May 4, 1968, as directed but the examining officer made a determination that he did not satisfactorily complete the examination because he "failed to stop for first stop sign."[3] This resulted in the secretary assigning an additional five points to appellant's driving record, bringing the total points assigned against his record to 15. Without hearing or notification to appellant that he might have a hearing, the suspension order above quoted was issued by the secretary.

Appellant's appeal petition alleges that he was not given a hearing by the secretary or his representative; that he did stop at the first stop sign and, therefore, the suspension of his license was improper. The issues for determination raised by appellant's petition and the proceeding before us are whether (1) appellant was entitled to a hearing before the secretary or his

[1] The Vehicle Code, sec. 619.1(f), 75 PS §619.1.

[2] The Vehicle Code, sec. 619.1(f), 75 PS §619.1.

[3] This was established by the record of the examination, which was admitted in evidence. Counsel for the Commonwealth and for appellant agreed that it was solely because of this record that five additional points were assigned.

representative and, if so, whether the matter should be remanded to the secretary for a hearing; (2) an appeal to this court may be taken from the secretary's order of suspension; and (3) if the appeal does lie, the scope thereof and the disposition to be made. Because of the nature of the foregoing issues, it was determined not to proceed to the taking of testimony and other evidence on the merits of the examiner's finding that Mr. Silver had not satisfactorily completed the special examination. The hearing before the undersigned was continued until the jurisdiction of the secretary and this court to inquire into the merits of the suspension had been determined.

The Secretary of Revenue has based his authority to require appellant to undergo the special examination and his authority to assess five additional points against appellant's driving record for failure to successfully complete the special examination upon subsection (g) of section 619.1 of The Vehicle Code. His authority to impose the suspension is based upon subsections (i) and (k) thereof. The subsections mentioned provide:

"(g) When any person's record has been reduced below six (6) points and for the second time shows as many as six (6) points, the secretary shall require a special examination as provided in section 608(g) of this act, and may again require such person to attend an approved driver improvement school and / or clinic and shall so notify such person in writing. If such person fails to attend and satisfactorily complete the requirements of the examination, or the approved driver improvement school or clinic an additional five (5) points shall be assigned to his record and his operator's license or learner's permit shall be suspended as provided in subsection (k) of this section. . . .

"(i) When any person's record shows an accumulation of eleven (11) points or more, the secretary shall

suspend such person's operator's license or learner's permit. . . .

"(k) Whenever an operator's license or learner's permit is suspended pursuant to the provisions of this section, unless otherwise provided, the first such suspension shall be for a period of sixty (60) days; . . ."

If appellant does not have the right to challenge, at the administrative level or at the judicial level upon appeal, the merits of the examining officer's determination that appellant had failed to pass the special examination, he would be left at the mercy, whim and arbitrary exercise of power of the examiner. Thus, a very serious question of deprivation of procedural due process would be raised. Compare Commonwealth v. Irwin, 345 Pa. 504, 507 (1942), wherein it is stated:

". . . A qualified person may not be deprived of the privilege of obtaining a license by arbitrary action of the officers entrusted with the administration of the code. . . ."

In Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 367 (1968), the court stated:

". . . So long as the secretary had broad discretionary powers to suspend or not suspend as he saw fit, a thorough judicial review was, if not a requirement of due process, at least a proper means of preventing arbitrary or discriminatory suspensions. . . ."

The power conferred upon the Secretary of Revenue to revoke or suspend operating privileges is an administrative and not a judicial function: Commonwealth v. Funk, 323 Pa. 390, 398 (1936). The requirement of due process of law extends to administrative as well as to judicial proceedings: Commonwealth v. Cronin, 336 Pa. 469, 473 (1939). The

essential elements of due process of law are notice and an opportunity to be heard: Simon v. Craft, 182 U.S. 427, 436 (1900); Stoner v. Higginson, 316 Pa. 481, 501 (1934); Alpha Club of West Philadelphia v. Pennsylvania Liquor Control Board, 363 Pa. 53, 58 (1949).

Section 619.1, which establishes the point system, contains no provision directing or authorizing the secretary to hold a hearing before assessing points under the authority of subsection (g). We cannot find in section 618[4] of the code, or elsewhere in The Vehicle Code, authority vested in the secretary to hold a hearing before assessing points under the provisions of subsection (g). Neither section 619.1, nor any other section of the code to our knowledge, requires the secretary to hold a hearing before suspending an operator's license because of the accumulation of 11 or more points. Subsection (i) and the above-quoted portion of subsection (k) of section 619.1 are mandatory, requiring that upon the accumulation of 11 or more points the secretary suspend the license for the period stipulated, without hearing: Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359 (1968); Romm Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 369 (1968); Baumer Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 372 (1968); Wall Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 376 (1968).

Section 618(b)(2) provides that the secretary may suspend an operator's license after hearing for *violations* of The Vehicle Code, except such violations as are specifically enumerated in section 619.1 of the

---

[4] The authority of the secretary to suspend licenses, unless section 619.1 applies: Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359.

act: Virnelson, Baumer, Romm, Wall, supra. Those decisions hold that, as to the violations mentioned in section 619.1, the secretary's duties are mandatory, not discretionary. He must assign the number of points stipulated therein without hearing and on appeal to the common pleas, the court may not inquire into the merits of the convictions for which the points were assigned but must confine its inquiry to whether the licensee was convicted of the violation charged and whether the secretary properly computed the points and applied the mandatory provisions of section 619.1.[5]

Section 618(h) of The Vehicle Code provides:

"(h) Whenever the secretary suspends the operator's license or learner's permit of any person, the secretary shall immediately notify such person and afford him an opportunity of a hearing before said secretary or his representative, provided such hearing has not already been held, and, after such hearing, the secretary shall either rescind his order of suspension, or, good cause appearing therefor, may suspend the operator's license or learner's permit of such person for a further period."

In Hamsher Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 336 (1961), and Scavo Motor Vehicle Operator License Case, 206 Pa. Superior Ct. 544 (1965), the licenses were suspended by the secretary without hearing upon certification to him of the conviction of the licensees of a misdemeanor violation of The Vehicle Code. The suspensions were under

---

[5] The licensees in those cases were not deprived of due process. The merits of their arrests for the *violations* for which points were assigned were challengable in the prosecution proceedings: Ullman Motor Vehicle Operator License Case, 204 Pa. Superior Ct. 145, 150. The determination and computation of the number of points and the length of the period of suspension, imposed by the secretary, are challengable on the appeal proceedings.

section 618(a)(2), which authorizes the suspension of the license with or without a hearing. Both decisions stated that under section 618(h) the secretary is required to give to the licensee notice of the suspension but not notice of a right to a hearing before the secretary and that the licensee is entitled to a hearing before the secretary only upon request to the secretary. They held that failure to request a hearing by the secretary is a waiver of right thereto.[6] These cases appear to stand for the proposition that under section 618(h), when it is not mandatory upon the secretary to hold a hearing before imposing a suspension, if the license is suspended, the secretary is required to give to the licensee notice only of the suspension and the secretary is not required to hold a hearing unless the licensee requests the same prior to taking an appeal to the court of common pleas.

In Vivio Motor Vehicle Operator License Case, 209 Pa. Superior Ct. 90 (1966), the secretary suspended the license without first having had a hearing or notifying the licensee of the right to a hearing. The suspension was under section 618(b)(2) prior to its amendment at the same time as the enactment of section 619.1 in January 1966,[7] which required a hearing by the secretary prior to suspension. The licensee appealed from the order of suspension. The Superior Court held that the Hamsher and Scavo decisions were not controlling and that before a licensee's operating privilege may be suspended under

---

[6] At the hearing herein, it was stated that Mr. Silver had made an informal request to a hearing examiner for the secretary that he be granted a hearing on the suspension order. The hearing examiner replied that he was without power to grant a hearing. We do not consider such request to be sufficient to prevent a waiver of his opportunity for a hearing under section 618(h).

[7] For explanation of effect of the amendment see Virnelson, supra.

the provisions of section 618(b), there must be either a hearing before the Secretary of Revenue or his representative, or competent evidence must be produced that such a hearing was waived by the licensee; further, that failure of the secretary to hold a hearing is not cured by a hearing de novo in the court of common pleas upon appeal from the order of suspension. This decision appears to stand for the proposition that when a hearing by the secretary or his representative is a prerequisite to the suspension, there must be either a hearing before the secretary or his representative, or competent evidence that the secretary gave notice to the licensee of a right to a hearing and that a hearing was waived by the licensee. It seems to follow that since there is no requirement in The Vehicle Code that the secretary hold a hearing prior to assessing or assigning points under section 619.1(g) or prior to suspending the license for an accumulation of 11 or more points, the secretary had sufficiently complied with the provisions of section 618(h) in giving appellant, Silver, the notice set forth at the head of this opinion and that the secretary was not required to give appellant notice of his right to a hearing before the secretary.

It is clear that Mr. Silver is granted the right to appeal to this court by section 620 of The Vehicle Code:

"Any person, whose operator's license or learner's permit has been suspended . . . shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator . . . resides, . . . Such courts are hereby vested with jurisdiction, and it shall be their duty, to set the matter down for hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testi-

mony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license . . ."

This is authority to the common pleas court on appeal to hold a full scale de novo hearing: Commonwealth v. Emerick, 373 Pa. 388 (1953); Commonwealth v. Wagner, 364 Pa. 566 (1950); Commonwealth v. Funk, supra, Virnelson Motor Vehicle Operator License Case, supra, p. 367, unless the authority is limited by the provisions of section 619.1 and section 618(b)(2) as amended at the time of enactment of section 619.1: Virnelson, supra, p. 367. Virnelson, Romm, Baumer and Wall, all supra, are controlling in the matter before us with respect to the assignment of points for the convictions of appellant for the speeding violations of sections of the code enumerated in section 619.1 and with respect to the secretary's duties and our duties under subsections (i) and (k) of section 619.1, but are not controlling with respect to the assessment of points under section 619.1(g), as to which the above-quoted portion of section 620 and Emerick, Wagner and Funk, supra, remain controlling. Therefore, on this appeal we may not inquire into the merits of appellant's convictions for the speeding violations, but we may inquire into the merits of the finding that appellant had failed to pass the examination given him and whether the secretary properly computed the points and applied the mandatory provisions for suspension of section 619.1(i) and (k), which is all that appellant asks. Compare Korns Motor Vehicle Operator License Case, 216 Pa. Superior Ct. 7 (1969). Since The Vehicle Code does not require the secretary to hold a hearing with respect to the assessment of the points for failure of the examination or with respect to the suspension for accumulated points, we may not remand the proceedings to

the secretary for hearing: Hamsher, supra, Scavo, supra.

As to the points which have been assessed against appellant by reason of his convictions for the speeding violations, he had his day in court and due process with respect thereto in the proceedings on the prosecutions growing out of his arrest for those violations: Ullman Motor Vehicle Operator License Case, 204 Pa. Superior Ct. 145, 150 (1964). With respect to the assignment of points against his driving record for the alleged failure to pass the special examination, appellant will have his day in court and due process upon the hearing which will be held before us with respect to the merits of the determination by the examiner that appellant had failed the said examination. See Commonwealth v. Cronin, supra; Commonwealth v. Horn, 12 D. & C. 2d 205, 212-13, 7 Bucks 117, 123 (1957).

## ORDER

And now, March 19, 1970, further hearing on the within appeal is fixed for June 12, 1970, at 10 o'clock a.m., in Court Room No. 6 of the Courthouse at Doylestown, Pa., for the purpose of receiving evidence in respect of the merits of the determination by the examining officer or the Secretary of Revenue of the Commonwealth of Pennsylvania that appellant had failed to satisfactorily complete the requirements of the special examination given him on May 4, 1968, and whether the Secretary of Revenue had properly computed the points assigned against appellant's driving record and had properly applied the mandatory provision of section 619.1 of The Vehicle Code.