## Commonwealth v. Hull

*Oscar F. Spicer*, for Commonwealth.
*Robert W. Geigley*, for petitioner.

MacPHAIL, P. J., November 11, 1971.—This is an appeal from a license suspension order. The Secretary having been informed that petitioner was found, in Juvenile Court, to have been operating a motor vehicle at 80 miles per hour in a 55 mile per hour maximum speed zone, suspended petitioner's operating privileges pursuant to the authority contained in subsections (a) and (d) of section 604.1 of The Vehicle Code. The petitioner filed an appeal with this court and a de novo hearing was held. The court is convinced that petitioner did, in fact, operate his vehicle at a speed of 80 miles per hour in a 55 mile per hour speed zone.

However, at the hearing on this petition, the court inquired whether or not petitioner had been given a

departmental hearing prior to the suspension order being issued. Counsel for the Commonwealth has informed the court since the hearing that no such departmental hearing has been held. However, the Commonwealth maintains that it was unnecessary to hold such a hearing and has cited Hamsher Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 336 (1961), and Scavo Motor Vehicle Operator License Case, 206 Pa. Superior Ct. 544 (1965), in support of its position. In both of those cases the Secretary's action was taken under the provisions of section 618(a)(2) of The Vehicle Code which authorizes the secretary to suspend a license with or without hearing. In those cases, subsection (b) of section 618 was construed as placing the burden upon the operator to request such a hearing rather than making it mandatory for the secretary to advise the operator of his right to such a hearing.

In Vivio Motor Vehicle Operator License Case, 209 Pa. Superior Ct. 90 (1966), it was held that where an operator's license was suspended pursuant to section 618(b), a departmental hearing was mandatory before a valid suspension could be effected. The Superior Court noted that the statutory language in subsection (b) differed from that in subsection (a) because subsection (b) plainly required a hearing before the secretary could act.

Subsections (a) and (b) of section 604.1, under which the action in the present case was taken, specifically state that the secretary may take action "after a hearing." Since that language is virtually identical with that in section 618(b) and since the Vivio case, supra, holds that there must be a departmental hearing in such cases, unless there has been a waiver and there having been no evidence of any waiver in the case now before us, we feel compelled to follow the Vivio case.

Petitioner's contention that the whole proceeding

relating to his "arrest" for speeding was invalid because no criminal complaint was filed, is without merit. The case was heard on a petition filed in Juvenile Court. The Juvenile Court Law of June 2, 1933, P. L. 1433, as amended, gives exclusive jurisdiction to that court in all proceedings affecting delinquent children. A "delinquent child" includes a child who has violated any law of the Commonwealth. Section 1203.1 of The Vehicle Code provides that juveniles between 16 and 18 *may* be prosecuted for summary offenses as an adult. By no means does that section of The Vehicle Code invalidate the authority of the Juvenile Court to act in a charge of speeding if a petition is filed with the Juvenile Court.

## ORDER OF COURT

And now, November 11, 1971, the within matter is remanded to the Secretary of Revenue for the purpose of affording petitioner the opportunity of a hearing in compliance with the statutory requirement that such a hearing be given.