## Farr License

*R. Barry McAndrews,* for Commonwealth.

*John J. Collins,* for appellant.

GARB, J., December 20, 1971.—Appellant herein has filed this appeal from suspension of his operating privileges by the Secretary of Transportation for a period of six months under and pursuant to the Act of December 22, 1969, P. L. 392, sec. 1, 75 PS §624.1. The suspension was ordered because of appellant's alleged refusal to consent to a chemical test of his breath as provided for by the foregoing Act of Assembly. A hearing de novo having been held, we hereby make the following

### FINDINGS OF FACT

1. Appellant is a duly licensed operator of motor vehicles in the Commonwealth of Pennsylvania, residing at 706 Chatham Road, Fairless Hills, Bucks County, Pa.

2. On or about the nineteenth day of September 1970, at approximately 11:10 p.m., appellant was operating a motor vehicle on old Route 13 near the intersection of the aforesaid highway and Tyburn Road in Falls Township, Bucks County, Pa.

3. At the aforesaid time and place, appellant was involved in an automobile accident with another vehicle and failed to stop at the scene to render assistance or to give identifying information.

4. Appellant was then and there operating a 1960 yellow Pontiac automobile.

5. Appellant was apprehended by Officer Timothy Stefan of the Falls Township Police Department on Tyburn Road, some distance from the point of the collision, standing near his automobile.

6. When the officer approached him, appellant turned as though to leave and stumbled.

7. Appellant was asked to produce his motor vehicle operator's license and vehicle registration card and produced both after some difficulty.

8. Appellant had the odor of alcohol about him and stated that he had had something to drink.

9. Appellant was placed in the police car and taken to the scene of the accident where he was arrested for leaving the scene of the accident.

10. Appellant was thereupon taken to police headquarters where he evidenced a staggering gait and required assistance up the steps of the headquarters. His speech was likewise slurred.

11. Appellant was thereupon charged with operating a motor vehicle while under the influence of intoxicating liquor and advised of his various constitutional rights.

12. Appellant was asked if he would consent to go to the Pennsylvania State Police Barracks for a breatholizer test, advised that he had the right to refuse but that if he did refuse, his operator's privileges would be suspended.

13. Appellant refused to submit to the breatholizer test and said that he would not say anything until he spoke to his attorney.

14. Appellant was permitted to make a phone call to his insurance company, during which call he requested an attorney, but apparently none was forthcoming.

15. Appellant was asked again to consent to the breatholizer test but again refused.

16. Appellant was asked a third time at the office of the justice of the peace, where he was taken from the headquarters, to submit to the breatholizer test but he again refused.

17. Appellant was at all times conscious and competent to form the requisite state of mind in order to determine whether or not to consent to the test.

## DISCUSSION

As the foregoing facts indicate, we are satisfied that the police officer had reasonable grounds to believe that appellant had been driving while under the influence of intoxicating liquor and, further, that he had been placed under arrest and charged with the operation of a motor vehicle while under the influence of intoxicating liquor prior to the time that he was requested to submit to the chemical test and refused to do so. See subsection (a) of the Act of December 22, 1969, P. L. 392, sec. 1, 75 PS §624.1(a). We are satisfied likewise that he had been formally arrested and charged with the offense of operating a motor vehicle while under the influence of intoxicating liquor at the headquarters (see Commonwealth v. Hughes, 219 Pa. Superior Ct. 181 (1971)), even though no formal complaint had, at that time, been filed in the office of a magistrate. See Sundstrom License, 47 D. & C.2d 1 (Chester Co., 1969).

It is appellant's contention that the suspension is constitutionally infirm because the secretary failed to afford appellant a hearing prior to the imposition of the suspension. In arriving at this contention, appellant relies upon Reese v. Kassab, 334 F. Supp. 744, an opinion entered on October 26, 1971, by a three-judge Federal court, sitting in the Western District of Pennsylvania. That case held that the so called point system as applied in Pennsylvania under the Act of January 24, 1966, P. L. (1965) 1497, sec. 2, 75 PS §619.1, is constitutionally infirm because of the failure to afford therein procedural due process to the person suspended. This opinion relies upon the opinion of the United States Supreme Court in Bell v. Burson, 402 U.S. 535 (1971), wherein it was held that the right to operate a motor vehicle is not a privilege but rather a right of some kind, the deprivation of which is protected under the due process provisions of the four-

teenth amendment of the United States Constitution. We are satisfied that appellant herein was afforded full and complete procedural due process in this case.

Prior to these two Federal court decisions, at least, it was clearly the law of this Commonwealth that where a suspension was imposed under a particular section of The Vehicle Code which afforded to the secretary the discretion to suspend *with or without a hearing,* as is the case now before us, the failure to afford a hearing in and of itself was no basis upon which to reverse the Secretary: Scavo Motor Vehicle Operator License Case, 206 Pa. Superior Ct. 544 (1965), and Hamsher Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 336 (1961). See also Vivio Motor Vehicle Operator License Case, 209 Pa. Superior Ct. 90 (1966), wherein it was held that failure to afford a hearing under a section which requires one is a basis for remand to the secretary for the purpose of holding a hearing. We believe that the appeal provisions under section 620 of The Vehicle Code, which requires a hearing de novo, under the circumstances now before us, afford appellant full and adequate procedural due process protections.

It should be noted that under section 618(h) of The Vehicle Code, appellant may have been afforded an administrative hearing had he requested one, although we acknowledge that there is nothing on this record to indicate that he was ever served with notice of this fact. Although there may be some question as to whether this section applies generally to all of the license suspension sections in The Vehicle Code or only to suspensions imposed under section 618, there may be some significance to the fact that the Federal court in Reese v. Kassab, supra, assumed that this section had general application. Therefore, appellant really

had two opportunities to litigate the merits of his suspension and determine whether the secretary abused his discretion, either by virtue of a hearing under section 618(h) or by virtue of the de novo hearing under section 620 now before us. In Commonwealth v. Massey, 3 Com. Ct. 304 (1971), the court held that the interplay of these two sections did, in fact, afford appellant therein due process.

We believe that the holding in Commonwealth v. Massey, supra, is consistent with the holdings of Bell v. Burson, supra, and Reese v. Kassab, supra. In Bell v. Burson, supra, the court specifically acknowledged that it was not attempting to prescribe what type of hearing or hearings would pass constitutional muster. In fact, it was acknowledged that the State may decide merely to include consideration of the questions underlying the license suspension at the administrative hearing or it may elect to postpone such a consideration to the de novo judicial proceedings in the Superior Court in the State of Georgia. The court, in Bell v. Burson, supra, found the procedures constitutionally inadequate because, regardless of the forum under Georgia law, appellant was not permitted to litigate the issues specifically underlying the license suspension itself. The court held, pages 541, 542:

"The hearing required by the Due Process Clause must be 'meaningful.' Armstrong v. Manzo, 380 U.S. 545, 552 (1965) and 'appropriate to the nature of the case.' Mullane v. Central Hanover Bank & Trust Co., supra, at 313. It is a proposition which hardly seems to need explication that a hearing which excludes consideration of an element essential to the decision whether licenses of the nature here involved shall be suspended does not meet this standard."

The court held further that it is fundamental that,

except in emergency situations, due process requires that when a State seeks to terminate an interest such as that involved in the use of a motor vehicle, it must afford notice and opportunity for hearing appropriate to the nature of the case before the termination becomes effective. In the case before us, appellant was afforded a meaningful hearing appropriate to the nature of the case prior to the time when the suspension became effective, because, upon the entry of the order granting the hearing in this appeal, an order of supersedeas was entered which had the effect of permitting appellant to continue to operate a motor vehicle while the appeal pended. Reese v. Kassab, supra, is consistent with the holding of Bell v. Burson, supra, because the questions which appellant can raise where the suspension is imposed under section 619.1 of The Vehicle Code are severely limited and do not in all cases go to the very issues underlying the suspension itself.[1] Therefore, at least on the facts in the case before us, appellant was afforded the opportunity of litigating the issues underlying the suspension and was permitted at that time to elicit whatever evidence there may have been in order to justify or overturn the exercise of the secretary's discretion in imposing this suspension, and all prior to the *actual* effective date of the suspension itself.

It is appellant's contention that, as the result of his intoxication, he was unable to form the requisite frame of mind in order to refuse to consent to the chemical test and that, therefore, the withholding of consent

---

[1] For an explication of the issues which can be raised in an appeal from a suspension imposed under section 619.1 of The Vehicle Code, see Virnelson License Case, 212 Pa. Superior Ct. 359 (1968); Romm Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 369 (1968); Nyman Motor Vehicle Operator License Case, 218 Pa. Superior Ct. 221 (1971).

provisions underlying this suspension should not be applied. He does not contend that he was physically unable to supply enough breath to complete a chemical test so as to permit the withdrawal of blood under subsection (f) of the particular act. We are not required to reach the question of whether mental incapacity to withhold consent is a defense to a suspension under this section, because we are not satisfied on the facts before us that he lacked the requisite mental capacity. Although he evidenced the odor of alcohol, together with a staggering gait and slurred speech, he was at all times conscious and able to respond to questions and statements made to him by the police officers. He obviously understood the fact that he had a right to counsel and to refuse to answer any questions as evidenced by his desire, as ultimately effectuated, to call the insurance company in order to secure counsel. He likewise indicated that he would refuse to speak to the officers in the absence of an attorney. He testified that although he did not remember the accident, he remembered stopping his motor vehicle and alighting from it on Tyburn Road for the purpose of inspecting his headlights. He was likewise able, at that time, to produce his motor vehicle operator's license as well as the registration card for the motor vehicle. Officer James Kettler described him as being intoxicated but not heavily so, although "pretty well lit." Although in response to counsel's question, Officer Kettler described him as "stuporous," we have no way of knowing what that term is intended to mean in the context before us. When one of the officers was asked whether appellant was stuporous, his response was that appellant appeared intoxicated.

Although both officers indicated that they did not believe that appellant understood what was being said to him, we are constrained to reject that testimony in

light of evidence of appellant's actions and reactions during the entire time in question. We, therefore, find that he was sufficiently in control of his faculties to understand what he was doing, his testimony that he did not remember any of the foregoing events to the contrary notwithstanding, and that he was able to form the requisite frame of mind in order to form the intent to withhold his consent. See Morris Motor Vehicle Operator License Case, 218 Pa. Superior Ct. 347 (1971).

## ORDER

And now, to wit, this December 20, 1971, it is hereby ordered, directed and decreed that the appeal be denied and the suspension affirmed.