William J. Owens, Jr., Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued February 7, 1975, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Robert H. Slone,* with him *Patrick H. Mahady* and *Mahady & Mahady,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, March 3, 1975:

As the result of a conviction for speeding, five points were assigned to the appellant's, William J. Owens, Jr., driving record. This addition of points brought the appellant's total accumulation to 11 points and the Secretary of Transportation suspended his license for a period of 60 days, as required by Section 619.1(i) and (k) of the Vehicle Code, Act 9, April 29, 1959, P.L. 58, 75 P.S. §619.1(i) and (k). The appellant appealed to the Court of Common Pleas of Westmoreland County on the ground that his procedural due process rights had been denied by the failure of the Secretary to provide an administrative

hearing. The Westmoreland County Court agreed with the appellant (*See Reese v. Kassab*, 334 F.Supp. 744 (W.D. Pa. 1970)) and reinstated the license for this reason, without prejudice to the right of the Commonwealth to take further action in the matter. The Secretary thereupon scheduled an administrative hearing, which the appellant attended, and thereafter again suspended the appellant's operating privileges for the mandated period of 60 days. The appellant again appealed to the Westmoreland County Court of Common Pleas which dismissed the appeal. The appellant has appealed here. We affirm the court below.

Owens makes two arguments, the distinction between which is somewhat hazy. He first contends that his due process rights are violated by the second suspension because the first was imposed without granting him an administrative hearing. Since the suspension here appealed was imposed after an administrative hearing, this argument is without merit.

The appellant further contends that the proceeding on his first suspension is *res judicata* of the second. The essential inquiry in a plea of *res judicata* is whether the ultimate and controlling issues were decided in the prior proceeding. *Callery v. Municipal Authority of Blythe Township*, 432 Pa. 307, 243 A.2d 385 (1968). The ultimate and controlling issue in the present proceeding is that of whether the Secretary properly suspended the appellant's license pursuant to Section 619.1 of the Code. That issue was never raised or decided in the prior proceedings which went off on the issue of the precedural constitutionality of any suspension without an administrative hearing. In *Bell v. Burson*, 402 U.S. 535 (1971), the leading case in the area, holding that before the State could suspend a driver's license and vehicle registration under a financial responsibility statute, procedural due process required a determination of whether there was a reasonable possibility of a judgment being rendered against the

licensee, the matter was remanded by the Supreme Court for further proceedings, just as, in effect, this matter was first remanded by the Westmoreland County Court. *See also Pennsylvania State Athletic Commission v. Bratton,* 177 Pa. Superior Ct. 598, 112 A.2d 422 (1955).

Order affirmed.